John G. Ridenour *v.* Theodore Mayo and others.

1. Allegations of new matter in an answer which are without merit as matter of defense to the action, although they do not relate to other facts in the answer constituting a defense, should be stricken out as irrelevant, and do not entitle the plaintiff to a motion to separately state and number defenses.

2. In an action against several persons alleged to be associated together as bankers, to recover on their alleged joint undertaking, an answer which admits the association and the undertaking, but avers that the association at the date of the undertaking was, and still is, a body corporate, and that the undertaking is the corporate contract of the association, may be regarded as setting up new matter constituting a defense, and not as stating mere evidence disproving the allegations in the petition.

3. A reply to such answer which denies the corporate character of the contract, without denying the corporate existence of the association, is sufficient on general demurrer.

Motion for leave to file a petition in error to the District Court of Allen county.

The original action was brought by the plaintiff in error against the defendants in error, in the Court of Common Pleas of Allen county. The petition counted upon a certificate of deposit, of which the following is a copy:

"No. 1416.    "FARMERS' SAVINGS BANK,
            "LIMA, OHIO, *May* 10, 1873.

"John G. Ridenour, Esq., has deposited in this bank,. one thousand one hundred and fifty dollars, payable to his order on return of this certificate, six months after date, with interest at ten per cent. per annum. .

.    "N. TUCKER, *Cashier.*"

It was alleged in the petition, that the defendants, at the date of the certificate, "were, and for a long time prior thereto had been, associated as bankers, and were then, and for a long time prior thereto had been, carrying on together the business of banking, as such bankers, under the name and style of the Farmers' Savings Bank;" that at the date of the certificate the defendants, as such bankers, received from the plaintiff $1,150, which they promised to repay as stated in the certificate, which was executed by their agent and cashier, etc.

Several of the defendants, namely, Lones, Hughes, Day,. and Rost, filed separate answers, of similar import, which contained a general denial of the allegations of the petition,. and, for a second defense, it was alleged as follows :

"That the said plaintiff ought not to have or maintain his said action against him, either individually or jointly with the other defendants, or as partner with them under any name or style whatever ; because he says : That at the date of the certificate of deposit upon which this suit is brought, and a copy of which is attached as an exhibit to plaintiff's petition, this defendant and the said plaintiff were severally depositors and members of the 'Farmers' Saving Society," a body corporate, *which before that time had been duly incorporated under and by virtue* of the laws of the State of Ohio, and then was, and for a long time prior thereto had been *engaged exclusively in the business of Banking, and then was in its corporate character doing business as a banker,* under the name and style of the 'Farmers' Savings Bank,' to wit : at Lima, in said county of Allen ; and that said certificate of deposit was then and there issued and delivered to said plaintiff by the said Farmers' Saving

Society, and the same was, and is, the *corporate contract*, *agreement*, and *undertaking* of the said Farmers' Saving Society, and not the contract, agreement, and undertaking of this defendant, either individually or jointly with the other defendants herein, or as a partner with them, or any of them, under any name or style whatever."

And then, without stating the same as a separate defense, and without further numbering the defense, the several separate answers proceed to further aver, that on the petition of one William H. Pierson, the said Farmers' Saving Society, on the 4th day of November, 1873, was adjudged a bankrupt by the District Court of the United States for the northern district of Ohio ; and that the plaintiff proved and presented his claim described in the petition, for allowance as a valid claim against the said Farmers' Saving Society, and upon which he received ten per cent. from the assignees of said bankrupt; "and that by reason of the premises the plaintiff is estopped to deny that said certificate of deposit in his petition set out, was issued by, and is the sole contract of the said Farmers' Saving Society; and is estopped to claim that said certificate of deposit is the contract of this defendant, or that this defendant is liable or indebted to the said plaintiff by reason thereof, either individually or as a partner with his co-defendants herein or in any other manner whatever."

A motion to compel these defendants to separately state and number the several defenses alleged to be pleaded in the foregoing, was overruled, and plaintiff excepted. Thereupon demurrers to these defenses were interposed, and overruled by the court.

The plaintiff thereupon replied to these separate answers as follows :

" That it is not true, that at the date of the certificate of deposit upon which this action is brought, the above-named defendants and the said plaintiff were severally depositors in and members of the Farmers' Saving Society, a body corporate, which before that time had been duly incorporated under and by virtue of the laws of the State of Ohio,

and then was, in its corporate capacity, doing business as a banker, under the name and style of the 'Farmers' Savings Bank,' as is averred in said answer."

And further, that it is not true, that the said certificate of deposit was then and there issued and delivered to said plaintiff by the said Farmers' Saving Society, and that the same was and is the corporate contract, agreement, and undertaking of said Farmers' Saving Society, as is averred in said answers.

The said plaintiff therefore prays, as he has heretofore averred in his amended petition.

To this reply a demurrer was interposed on the ground of its insufficiency, which demurrer was sustained by the court.

The other defendants, namely, Mayo, Collett, Roberts, and Metheany, answered jointly, and denied generally the allegations of the petition; and, for a second defense, set up the matters in relation to the proceedings in bankruptcy against the Farmers' Saving Society, substantially as stated in the separate answers of their co-defendants.

After the demurrer to the reply had been sustained, as above stated, the following entry was made upon the journal of the court: "And thereupon, by consent of said defendants, for the purpose of allowing the plaintiff to test, by petition in error in the district and supreme courts, the correctness of the ruling in sustaining said demurrer to the reply, and also the ruling of the court in overruling the motion of plaintiff to compel the defendants Milton Lones, John R. Hughes, G. Day, and Frederick Rost, to separately state and number their causes of defense as set forth in their separate answers, . . . the general issue as set forth in said answers is waived. And, thereupon, the court being fully advised in the premises, do consider that the petition be, and the same is, hereby dismissed," etc.

On petition in error, the district court affirmed the judgment of the court of common pleas.

*Isaiah Pillars,* for the motion:

I. That the indebtedness sued on was created by and the act of an incorporated company, of which the plaintiff and defendants were members, formed for the purpose of carrying on exclusively the business of banking under the corporate name of the " Farmers' Savings Society," was no defense.

Before the defendants can screen themselves from personal liability by hiding behind a corporation, of which they claim to be members, it must clearly appear: First, *that there was, or could be, under the laws of Ohio, such a corporation;* and, second, *that it had the power to create the liability.* *Lawler* v. *Walker,* 18 Ohio, 157; *Keasey* v. *Butler,* 1 Ohio St. 364; *Bartholomew* v. *Bently,* 1 Ohio St. 37; *Bank of Chillicothe* v. *Swayne,* 8 Ohio, 286; *Strauss & Bro.* v. *Eagle Ins. Co.,* 5 Ohio St. 91; *Huber* v. *German Congregation,* 16 Ohio St. 380; *Medill* v. *Collins,* 16 Ohio St. 599; *Salem Bank* v. *Gloucester Bank,* 17 Mass. 29; *Fry* v. *Noble,* 7 Cush. 188; *Hood* v. *N. Y. & N. H. R. R. Co.,* 22 Conn. 502.

II. The doctrine of estoppel does not apply. Bigelow on Estoppel, 461; *Rice* v. *Dewy,* 54 Barb. 455; *Ryder* v. *Cowen,* 52 Barb. 442; 51 Barb. 205; 9 Barb. 615; *Brewster* v. *Striker,* 2 Com. 19; *Delzell* v. *O'Dell,* 3 Hill, 215; *Akerly* v. *Villars,* 3 Dillon, 332; *Welland Canal Co.* v. *Hathaway,* 8 Wend. 483; *Beardsly* v. *Foot,* 14 Ohio St. 414; *Morgan* v. *Spangler,* 14 Ohio St. 102; *Pickard* v. *Sears,* 6 Ad. & El. 474; *Jordan* v. *Morrey,* 3 H. of L. 212; *Taylor* v. *Zepp,* 14 Mo. 482; *Copelan* v. *Copelan,* 28 Maine, 525; *Kinney* v. *Farnsworth,* 17 Conn. 355; *Hicks* v. *Cram,* 17 Vt. 449; *Crocket* v. *Lahrbrook,* 5 Monroe, 530.

*Cunningham & Brotherton, Hughes & Robb,* and *S. R. Harris,* contra:

The plaintiff, by proving his claim against the Farmers' Savings Bank, in bankruptcy, is estopped to deny its corporate existence. U. S. Stat. 985, secs. 5077, 5080; Bigelow on Estoppel, 503, 508, 511; *Boyce* v. *Boyce,* 6 Rich Eq. (S. C.) 302; *Hyde* v. *Baldwin,* 17 Pick. 303; *Sherman* v.

*McKeon*, 38 N. Y. 266 ; *Rappellee* v. *Stewart*, 27 N. Y. 310 ; *Rodermund* v. *Clark*, 46 N. Y. 354 ; *Horn* v. *Hensignes*, 13 Wend. 240 ; *Palmer* v. *Smith*, 10 N. Y. 303 : *Ruckman v. Alwood*, 44 Ill. 183 ; *Warner* v. *Callender*, 22 Ohio St. 339 ; *Lucas v. B. & L. Ass'n*, 20 Ohio St. 329 ; *Pochelu* v. *Kemper*, 14 La. An. 308 ; *Goodman* v. *Evans*, 18 Ohio St. 150 ; *Kimberly* v. *Eby*, 6 Pick. 453 ; *Thomas* v. *Jones*, 39 Wis. 124 ; *Bachelder* v. *Low*, 43 Vt. 666 ; *Beardsley* v. *Hall*, 36 Conn. 270 ; *Corey* v. *Ripley*, 57 Me. 59 ; *Way* v. *Howe*, 108 Mass. 502 ; *Ocean Bank* v. *Olcott*, 46 N. Y. 12 ; *Oates* v. *Parrish*, 47 Ala. 159 ; *Stevens* v. *Mechanics' Savings Bank*, 101 Mass. 109 ; *Burpee* v. *Sparhawk*, 108 Id. 141 ; 8 Met. 75 ; *Re Needham*, 1 Low. 309.

MCILVAINE, J.   The facts stated in the separate answers of Loues and others, and denominated " second defense," were intended by the pleader, no doubt, to constitute a single defense, by way of estoppel, to the end that the plaintiff should not be allowed to prove the truth of the allegation contained in his petition, namely, that the instrument sued on was the personal or individual undertaking of the defendants.   The estoppel is supposed to rest in these facts : That the plaintiff and defendants being members and depositors of a banking corporation, which had become bankrupt, the plaintiff proved the claim sued on against the bankrupt estate, and received a dividend thereon.

If this defense had no merit other than as an estoppel, the demurrer thereto should have been sustained.   If, in truth, the instrument were the joint undertaking of the defendants, in their individual capacities, there is nothing in these facts which should estop the plaintiff from so averring and proving.

Whether the plaintiff would be estopped by reason of the facts stated from denying the corporate existence of the " Farmers' Savings Society," is a question upon which we are not called for an opinion, as no such denial is contained in this record.   It is enough now to say, that if this in-

strument be, in truth and in fact, the individual contract of the defendants, as partners under the firm name of " Farmers' Savings Bank," and not the contract of the Farmers' Savings Society, however unjust or fraudulent, as against the corporation and its creditors, the proof of the claim against the bankrupt estate may have been, it was not to the prejudice of the defendants as individual debtors of the plaintiff; nor are they injured, in a legal sense, by proof of their individual liability.

The plaintiff below, however, by his motion to separately state and number the defenses, regarded this part of the answer as containing two defenses, to wit: a defense against the personal liability of the defendants by showing that they received the plaintiff's money in their corporate capacity, and a defense by way of estoppel. If such defenses could be found in the matters so pleaded, they should have been separately stated and numbered. Indeed, whenever the pleader intends to set up distinct defenses, they should be separately stated and numbered, however defective such defenses may be in point of fact: but when matter alleged by way of defense is wholly without merit, it should be stricken out as redundant or irrelevant. The rule requiring defenses to be separately stated and numbered, is intended to facilitate the formation of issues, either of law or fact. But there is no propriety in joining issue upon matters redundant or irrelevant. In our opinion, the allegations in the answer, supposed by the plaintiff to have been pleaded as matter of estoppel, are wholly without merit as matter of defense, and would have been stricken out as redundant if a motion for that purpose had been made. There was no error, therefore, to the prejudice of the plaintiff, in overruling his motion to separately state and number his defenses.

When the question, whether the certificate of deposit sued on was issued by the defendants in their individual or in their corporate capacity, comes on to be tried, the matter here pleaded as an estoppel will be entitled to its due weight as an admission by the plaintiff against the claim made in-

his petition. As matter of evidence, it will be pertinent; as matter of pleading, it is impertinent.

The sufficiency of the several pleadings may be regarded as put in issue by the demurrer to the reply.

The petition in the original action states a good cause of action against the defendants personally as joint promisors.

We have been in some doubt, whether the facts stated in the " second defense " should be regarded as new matter constituting a defense to the action, or as a statement of evidence whereby the allegations in the petition would be disproved. If the former, a good defense is stated. If the latter, the answer is bad on general demurrer, and the plaintiff should have had judgment on his petition as upon default.

We are inclined, however, to hold the answer to be sufficient as containing a statement of new matter constituting a defense. It is true, the facts thus pleaded might have been given in evidence under a denial of the facts stated in the petition, and, as a general rule, matters which may be given in evidence under the general issue should not be specially pleaded. To this rule, however, there are some exceptions.

By pleading the facts stated in this answer an issue was tendered, which is much narrower than the general issue or an issue made by a general denial; and the issue thus tendered, no doubt, involved all the facts which were in dispute between the parties. The prime object in pleading is to narrow the controversy between the parties by joining issue only upon such material facts as are really in dispute.

It was alleged in the petition, that the defendants had associated themselves together as bankers, under the name of the Farmers' Savings Bank; that in such associated capacity, they had received the plaintiff's money on deposit, and had, by their agent, issued the certificate sued on. These were material allegations. The defendants, in their answer, admit all these allegations, but aver that the asso-

ciation, so alleged, had been and was duly incorporated under the laws of the State of Ohio, by the name of the Farmers' Savings Society; that such corporation was doing business under the name of the Farmers' Savings Bank, and that said certificate of deposit was the corporate contract, agreement, and undertaking of said incorporated society. Now if these averments be true, the plaintiff certainly was not entitled to a judgment against the defendants as individuals; and, we think, an issue as to the truth of the averments was properly tendered by the answer.

This brings us to consider the sufficiency of the reply. The reply joined issue upon two allegations of fact stated in the answer.

1. It is denied, in the first clause of the reply, that the defendants and the plaintiff were severally depositors in and members of the Farmers' Savings Society, a body corporate, etc., as averred in the answer. This issue was wholly immaterial.

2. The second clause in the reply impliedly admits the corporate existence of the Farmers' Savings Society, but denies that the instrument sued on was the corporate contract of the society. This, according to our construction of the answer, formed a material issue. Upon a finding of this issue for the plaintiff, he would have been entitled to judgment; as the defendants had admitted, by their second defense, their individual liability, in case it should not turn out that the certificate sued on was the corporate contract of the Farmers' Savings Society.

For error, therefore, in sustaining the demurrer to the reply, the judgment of the common pleas court should be reversed; and the judgment of the district court should be reversed, for error, in affirming the judgment below.

In thus disposing of the case, we have not reached the question so laboriously discussed by counsel for the plaintiff in error, to wit: The constitutionality of the act of April 16, 1867, entitled " an act to incorporate savings societies," and of the acts of February 29, 1873, entitled " an act to incorporate savings and loan associations." In the

first place, the corporate existence of "The Farmers' Savings Society" is not denied in the record; and, in the second place, upon a mere denial of its corporate existence, the court would not assume that the fact of incorporation must have taken place, if at all, under a statute passed since the adoption of the present constitution, and void for want of compliance with its provisions. For aught known to the court, the incorporation of such society, by such name, might have taken place under the act of March 21, 1851, entitled "an act to authorize free banking. On this point, however, it is enough to say, that banking institutions incorporated under the laws of Ohio, may have a legal corporate existence, without violation of the provisions of the present constitution.

Judgment below reversed, and cause remanded for new trial.