Follett & Kelley, contra.

---

(Lucas County Common Pleas Court.)

TOLEDO LUMBER MANUFACTURING CO. v. GEORGE GROSS et al.

---

*Pleading*—Where the petition states irrelevant matter, the proper motion is to have it stricken out, not to have it separately stated and numbered as a separate cause of action.

Decided October 15, 1894.

---

PUGSLEY, J.

This is a motion by the defendant, William Griffin, to make the petition definite and certain.

The plaintiffs furnished certain materials for the construction of a house. This action is brought to recover a personal judgment against contractor Gross, who bought the materials, also against the owner of the house, Griffin; and also to enfocre a mechanic's lien upon the premises.

The petition contains two causes of action. The first cause of action is upon the claim against the contractor, and the second cause of action is upon the claim against the owner, and for the enforcement of the mechanic's lien. The owner has filed a motion to make the second cause of action definite, first, by requiring the plaintiff to strike out one or the other of two allegations which are claimed to be inconsistent; and second,, by requiring the plaintiff to separately state and number his causes of action; the claim being that this second cause of action contains two causes of action.

The first part of the motion—that is, to strike out one or the other of two allegations which are claimed to be inconsistent—is not of very much importance one way or the other; but as counsel for plaintiff express a willingness to correct the petition in that regard, that part of the motion will be granted. I will add, that I am unable to see how one of these allegations, viz: the allegation that a part of the materials which were furnished for this house were in fact used elsewhere than in the construction of the house—is relevant. The contractor is liable for the materials furnished in any

event, and the owner is liable only to the extent that there was anything due or to become due from him to the contractor at the time the account was filed with him. I think that allegation is irrelevant.

In the second cause of action it is alleged that there are subsequent payments due from the owner to the contractor, and also that the contract that was made between the owner and contractor was entered into by collusion, and for the purpose of cheating and defrauding the plaintiff. The only allegation to show that, is that the payments that were fixed by the contract were to be made too soon. It is alleged that the first and largest payment that was required by the contract to be made, was to be made before any work was to be performed; and hence, it is alleged, it was a fraud. As I understand the claim, it is that there are here two causes of action. I do not so consider it. There is only one cause of action, and that is to recover from the owner the amount that is due to the plaintiff from the contractor to the extent of the subsequent payments due or to become due from the owner at the time the account was filed with him, or which would have been due had there been no fraud or collusion; and all these allegations are made for the purpose of accomplishing that result. The allegations in the petition as to fraud or collusion do not seem to come within any section of the mechanic's lien law. It is not a case where the collusive payments were made in advance of those stipulated to be made in the contract, which is the case provided by the statute. If these allegations as to fraud or collusion are irrelevant, it seems to me the proper motion is to strike them out, and not to separately state and number causes of action.

In Ridenour v. Mayo, 29 Ohio St., 138, it is held that "Allegations of new matter in an answer which are without merit * * * should be stricken out as irrelevant, and do not entitle the plaintiff to a motion to separately state and number defenses." The same principle applies to allegations made in the petition. Here are allegations, which together, it is claimed, show that a judgment should be rendered against the owner for the amount of the bill against the contractor. If any of these allegations are without merit and irrelevant, they should be stricken out, and plaintiff not required to separately state and number them.

This motion is granted as to the first part, and overruled as to the second part.