Common Pleas Court of Hamilton County.

KAISER V. SEAT.

Decided January 23, 1931.

*James H. Cleveland*, and *Charles E. Vance*, for plaintiffs.

*Carl W. Rich*, and *Nichols, Speidel & Nichols*, for defendant.

MATTHEWS, J.

The answer in each of these cases contains a general denial followed by allegations of the circumstances of the collision in which the plaintiffs were injured, and the acts of Stanley Kaiser, plaintiff, and charging that such acts were negligent and the sole cause of the collision and the injuries. These allegations are headed "Second Defense" and are pleaded as though they constituted an affirmative defense.

The motion is to strike out these allegations.

The Ohio authority relied upon in support of the motion is that of *Latham* v. *Railway Co.*, 8 N. P., (N. S.), 185, decided in 1909. The cases of *Traction Company* v. *Forest*, 73 Ohio St., 1, and *Traction Company* v. *Stephens*, 75 Ohio St., 171, had been decided at that time, and the court in *Latham* v. *Columbus Ry. Co.*, *supra*, was under the impression that, because of these decisions, the Bar was falling into the habit of departing from well settled rules of pleading in such cases. He was under the impression that these cases decided that unless contributory negligence was pleaded as an affirmative defense no evidence was admissible upon that subject and the court could not charge the jury thereon. More recent decisions of the Supreme Court disclosed that the judge delivering the opinion in *Latham* v. *Ry. Co.*, *supra*, misapprehended the effect of the decisions in *Forest* v. *Railway Co.* and *Stephens* v. *Railway Co.* There have been many decisions upon the subject since then, and these are commented upon in the case of *Bradley* v. *Cleveland Railway Co.*, 112 Ohio St., 35. The first paragraph of the syllabus in that case is as follows:

"In actions for negligence where the answer pleads the general issue or that the injury resulted from plaintiff's fault, either or both, and the evidence offered at the trial reasonably tends to develop the issue of contributory negligence, it is the duty of the court to charge upon that issue."

The court comments on the Forest and Stephens cases, *supra*, at page 39, and points out that the record in those cases failed to show that there was any evidence offered

tending to show contributory negligence, and at pages 39 and 40 the court sets forth the reasons why evidence of negligence on the part of the plaintiff, as well as evidence on the part of the defendant, is admissible regardless of whether the defendant's answer pleads the general issue alone, or further alleges that the accident resulted from the plaintiff's own fault. Quoting from page 40, the court says:

"The reason for the application of the announced rule is obvious. In order to recover the plaintiff is required to sustain the material allegations of his petition by a preponderance of the evidence. Any countervailing proof tending to break down that preponderance is relevant upon the question whether the defendant was negligent and whether the negligence proximately caused the injury. Should the entire evidence offered at the trial convince the jury that some intervening, efficient cause, other than the negligence of the defendant, occasioned the injury, or that the negligence of the plaintiff proximately caused the injury, or that the negligence of both combined was of such character that the jury would be unable to determine by a preponderance of the evidence whose negligence proximately caused the injury, manifestly it would be the duty of the jury to return a verdict for the defendant."

At the trial of this case, therefore, evidence of negligence by the defendant and by Stanley Kaiser, plaintiff in one of the cases, will be competent in both cases and if introduced the court will be required to charge the jury in the first case as to the effect of a finding that the collision took place through the sole negligence of Stanley Kaiser, and of the effect of a finding that it occurred through the concurrent negligence of the defendant and Stanley Kaiser.

In the second case the court will also be required to charge, in the event the issues are developed by the evidence on the subject of negligence and contributory negligence and sole negligence.

All these issues being potentially in the case now without these allegations and actually in the case if developed by the evidence, the question remains whether the allegations in the answers are entirely redundant, without sig-

nificance and therefore subject to a motion to strike out.

Section 11314, General Code, provides what an answer shall contain as follows:

"1.   A general or specific denial of each material allegation of the petition controverted by the defendant;

2.   A statement in ordinary and concise language of new matter constituting a defense, counterclaim or set-off."

It will be observed that the code authorizes either a general or a specific denial, and upon that subject in Bates New Pleading, Vol. 1, page 345, the author has this to say:

"In all actions a special denial or affirmative allegations inconsistent with the petition may be used instead of a general denial. *Ridenour* v. *Mayo*, 29 Ohio St., 138 at 145; *Churchill* v. *Baumann*, 91 Calif., 541; *Loeb* v. *Weis*, 64 Indiana, 285; *Simmons* v. *Green*, 35 Ohio St., 104; *Dykeman* v. *Johnson*, 83 Ohio St., 126; *Wicks* v. *Smith*, 18 Kas., 508."

The practice of alleging in detail the defendant's view of the transaction has prevailed from the earliest time. It has been followed in actions upon contracts in which the defendant, in addition to denying that he entered into the contract alleged by plaintiff sets forth the terms of the contract that was entered into as claimed by him.   Of this class are: *Ridenour* v. *Mayo*, 29 Ohio St., 138; *Simmons* v. *Green*, 35 Ohio St., 104; *List & Sons Co.* v. *Chase*, 80 Ohio St., 42; *Newman Mfg. Co.* v. *Fisler*, 81 Ohio St., 499; *Dykeman* v. *Johnson*, 83 Ohio St., 126.

In all these cases upon contracts and the numerous cases for damages on account of personal injuries and for wrongfully causing death the Supreme Court has passed upon the records without animadverting upon that method of pleading.   Upon the effect of such affirmative allegations in the answer, the court in *List & Sons Co.* v. *Chase*, *supra*, at page 48, says:

"The statement in the answer of the facts as claimed by the defendant does not constitute a distinct or affirmative defense, nor is it a confession and avoidance.   It is in effect a denial in particular of the contract and performance alleged in the petition."

So the allegations in the answer in these cases do not constitute a distinct or affirmative defense, but are in effect a denial in particular, and advise the plaintiff of the exact claim that the defendant intends to make. It is true that they are headed "Second Defense," which they are not. If that heading were omitted and these allegations joined with the direct denials, it would be manifest that the answer presented the identical issues that will be submitted to the jury if evidence is adduced by the parties in proof of the circumstances of this collision.

It seems to the court that this form of explanatory denial, or denial by inconsistent affirmations, has been approved by the Supreme Court; that it is in accordance with the spirit of the Code to have the pleadings set forth the claims of the respective parties in ordinary and concise language; that it informs the plaintiff more fully of the defendant's position than does a general denial, and that no prejudice can result to the plaintiff by such allegations being in the answer.

For the foregoing reasons the motions to strike are overruled.