By the Court.
 

 An inspection of the two special requests, one of which was given and the other refused, discloses that the substance of the special request refused was substantially embodied in the one given at the instance of counsel for the defendant. Both of these requests were so framed
 
 *500
 
 that notwithstanding negligence upon the part of the railway company plaintiff could not recover if Ms own negligence contributed to the injury. That no prejudicial error intervened upon that subject was held in
 
 Limbaugh
 
 v.
 
 Western Ohio Rd. Co.,
 
 94 Ohio St., 12, 113 N. E., 687.
 

 The answer of the railway company, although it contained a general denial, discloses that it pleaded that the injuries sustained were caused wholly by the negligence of the plaintiff and the driver of the car. This was the exact situation developed by the pleadings in
 
 Rayland Coal Co.
 
 v.
 
 McFadden, Adm’r.,
 
 90 Ohio St., 183, 107 N. E., 330. The evidence introduced supports the claim that the jury might find that the defendant and plaintiff were both negligent. In such case it becomes the duty of the court to charge upon the issue of contributory negligence raised by the evidence.
 

 In its general charge to the jury the court said:
 

 “The defendant, in his cross-petition, raises a claim of contributory negligence on the part of the plaintiff.”
 

 We are unable to find any prejudicial error in this statement. While the court may have been inaccurate in calling the answer a cross-petition, and in stating that it raised the issue of contributory negligence, there could be no prejudicial error intervening for the reason that such an issue not only was raised by the pleadings but was presented to the court by counsel for the railway company in the requests asked, upon the theory that that issue was in the case under the holding of the
 
 McFadden case, supra.
 

 In the Court of. Appeals counsel for Gibbs ex
 
 *501
 
 cepted to the entry of reversal and remand. Such exception was sufficient upon which to base a review in this court. However, it seems an exception to a reversal of a judgment recovered in the common pleas court is not necessary to be carried into the journal entry.
 
 Commercial Bank of Cincinnati
 
 v.
 
 Buckingham,
 
 12 Ohio St., 402;
 
 Justice
 
 v.
 
 Lowe,
 
 26 Ohio St., 372.
 

 The judgment of the Court of Appeals is reversed and that of the common pleas affirmed.
 

 Judgment reversed.
 

 Marshall, C. J., Robinson, Jones, Matthias, Day, Allen and Conn, JJ., concur.