Jones, J.
 

 The printed record contains none of the evidence offered at the trial but does contain the complete charge of the court. In that aspect, while the issue of contributory negligence was not made in the answer, it may have been presented in the evidence offered in the trial. Counsel for plaintiff in error insists that the trial court erred in charging upon that issue, by instructing the jury that if they found that plain
 
 *38
 
 tiff’s failure to use ordinary care contributed to her injury she could not recover. In support of this insistence he cites
 
 Cincinnati Traction Co.
 
 v.
 
 Forrest,
 
 73 Ohio St., 1, 75 N. E., 818, and
 
 Cincinnati Traction Co.
 
 v.
 
 Stephens, Admr.,
 
 75 Ohio St., 171, 79 N. E., 235.
 

 From a number of cases recently appearing in this court it is very evident that there is confusion in the application of principles heretofore announced in that class of oases where the answer consists either of a general denial or both the general issue and an allegation that the negligence of the plaintiff was the sole cause of the injury. Where contributory negligence is pleaded as an affirmative defense, and evidence is adduced in its support, no such confusion can arise. This court is committed to the rule that where contributory negligence is made a defense, either by the pleadings or by evidence, the burden of proving that issue is cast upon the defendant. Contributory negligence is a defense in the nature of a confession and avoidance.- If there be no express admission, there is an admission by implication that some negligence exists on the part of the defendant. Ordinarily in personal injury cases the defendant does not desire to confess its own negligence, and in practice usually pleads a general denial with an alternative allegation that if the defendant was negligent the plaintiff’s negligence, either wholly or in combination with the defendant’s negligence, directly contributed to the injury.
 

 This court has held that, where the answer pleads the general issue only, the defense of contributory negligence is not thereby presented.
 
 Traction Co.
 
 v.
 
 *39
 

 Forrest, supra.
 
 Nor is that issue presented by the pleadings where the defendant, in addition to its general denial, pleads that plaintiff’s own negligence was the cause of the injury.
 
 Glass
 
 v.
 
 William Heffron Co.,
 
 86 Ohio St., 70, 98 N. E., 923;
 
 Rayland Coal Co.
 
 v.
 
 McFadden, Admr.,
 
 90 Ohio St., 183, 107 N. E., 330. Whatever confusion may exist at the trial table as to the scope of the
 
 Forrest
 
 and
 
 Stephens cases, supra,
 
 this court in more recent cases has announced the principle that if contributory negligence is not made an issue by the pleadings, but is developed by the evidence, it becomes the duty of the court to charge the jury in respect to that issue.
 
 Glass
 
 v.
 
 Heffron Co., supra; Behm
 
 v.
 
 C., D. & T. Traction Co.,
 
 86 Ohio St., 209, 99 N. E., 383;
 
 Coal Co.
 
 v.
 
 McFadden, supra; Gibbs
 
 v.
 
 Scioto Valley Ry. & P. Co.,
 
 111 Ohio St., 498, 145 N. E., 854. The later cases do not conflict with the
 
 Forrest
 
 and
 
 Stephens cases, supra.
 
 In the
 
 Forrest case
 
 it is clear from the syllabus and opinion that there was no evidence offered tending to show contributory negligence. The syllabus in the
 
 Stephens case
 
 discloses that at the trial the defense was wholly that the defendant was not guilty of negligence. That the defense of contributory negligence was not developed by the evidence is clearly emphasized by the opinion of Davis, J., who said, at page 178 (79 N. E., 236):
 

 “In a careful reading of the evidence in the bill of exceptions we have not been able to discover any attempt on the part of the defendant to prove contributory negligence.”
 

 So that the purport of the previous decisions
 
 *40
 
 of this court is that the trial court is required to charge upon the subject of contributory negli gence where the evidence reasonably tends to develop that issue, and this rule applies whether the defendant’s answer pleads the general issue or further alleges that the accident resulted from the plaintiff’s own fault. The reason for the application of the announced rule is obvious. In order to recover the plaintiff is required to sustain the material allegations of his petition by a pre ponderance of the evidence. Any countervailing proof tending to break down that preponderance is relevant upon the question whether the defendant was negligent and whether the negligence proximately caused the injury. Should the entire evidence offered at the trial convince the jury that some intervening, efficient cause, other than the negligence of the defendant, occasioned the injury, or that the negligence of the plaintiff proximately caused the injury, or that the negligence of both combined was of such character that the jury would be unable to determine by a preponderance of the evidence whose negligence proximately caused the injury, manifestly it would be the duty of the jury to return a verdict for the defendant. This for the reason that the burden of proof rests upon the plaintiff; and if upon the entire case the plaintiff’s proof upon the issue of defendant’s negligence is fully balanced or left in equipoise obviously a preponderance cannot exist. In such situation we think that the principle announced in
 
 Klunk
 
 v.
 
 Hocking Valley Ry. Co.,
 
 74 Ohio St., 125, 77 N. E., 752, is applicable here, where the rule is stated in the syllabus as follows:
 

 
 *41
 
 “The rule is that he who affirms must prove, and when the whole of the evidence upon the issue involved leaves the case in equipoise, the party affirming must fail.”
 

 Applying the principle in the cases cited, we fail to see any prejudicial error upon the part of the trial court. The evidence is not before us; we therefore cannot determine whether contributory negligence was attempted to be proven on the trial. We cannot presume that there was no such evidence offered. Should we have recourse to the brief of counsel for defendant in error we find the contention that plaintiff received her injury solely by reason of her own negligence. In its general charge the court imposed upon plaintiff the burden of showing negligence upon the part of the defendant. No other burden was imposed upon her. In respect to the burden of proof, therefore, the trial court correctly charged the law. The plaintiff had alleged in her petition that she was guilty of no negligence on her part contributing to her injury. The court charged the jury that if they found that her failure to use ordinary care contributed to her injury she could not recover, but no burden was placed upon her on that phase of the case. If the issue of contributory negligence was developed by the evidence, counsel for plaintiff in error could have asked the court to instruct the jury as to the burden of proof upon that issue, but no such instruction was asked.
 

 There being no bill disclosing the testimony, we find no prejudicial error upon the part of the trial court in respect to its charge. If the issue
 
 *42
 
 of contributory negligence was in fact developed by the evidence*, that issue should be “determined by the same rules as to burden of proof” as if made by the pleadings.
 
 Coal Co.
 
 v.
 
 McFadden, supra.
 
 If the plaintiff in error desired an instruction upon the burden of proof on the issue of contributory negligence, it was incumbent upon her to ask the court to instruct the jury upon that feature. Under Section 11561, General Code, a general exception to the charge of the court only reviews errors of law existing in the charge as given, and does not bring in review an omission or failure to give further proper instructions.
 
 Columbus Ry. Co.
 
 v.
 
 Ritter,
 
 67 Ohio St., 53, 65 N. E., 613.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.