No. 726

CINCINNATI TRAC. CO. v. KROGER

No. 19235. Supreme Court

On motion to certify. Dock. July 2, 1925; 3 Abs. 417.

829. NEGLIGENCE — Must contributory negligence, arising as an inference from plaintiff's evidence, be recognized as an issue?

Stanley Kroger instituted his action for damages in the Hamilton Common Pleas. against the Cincinnati Traction Co., claiming that while a passenger on one of the Company's cars he was injured by reason of negligence on part of said company.

It was alleged by Kroger that while he was riding in the car, proceeding in a northerly direction, just north of the B. & O. crossing "that the north bound car track on said Hamilton Ave., at said place was in poor condition and was in need of repairs; and that the car was operated so fast and in such an unskillful and negligent manner as to throw and pre-

cipitate the right arm of the plaintiff out of the window and against the car screen of a car proceeding southwardly on said thoroughfare".

The answer of the company set forth that if Kroger was injured it was due to his sole negligence and another specific defense alleging contributory negligence; "that at the time of said accident plaintiff was permitting his arm or a portion of it to extend out through a window and beyond the body line of the car. Judgment in the Common Pleas was for Kroger and it was affirmed by the Court of Appeals.

The company takes the case to the Supreme Court on a motion to certify and contends that:

The court in charging the jury before argument gave to it a special charge of the company stating that it contained a correct statement of the rule of. law. The special charge in substance was that if Kroger needlessly permitted his arm, or a portion of it, to extend out beyond the body line of the car, said act contributing toward his injuries, the verdict was to be for the company. It was claimed that the court thereafter instructed the jury to entirely disregard the special charge.

"Upon a written request to charge before arguments, if the request correctly states the law, and is pertinent to one or more of the issues of the case, and the same subject has not been covered by other charges given before argument, it is error to refuse to give such charge, even though the language of the charge is not the exact language the court would have used." Chesroun v. Bevier, 101 OS. 282.

"In actions for negligence where the answer pleads the general issue, or that the injury resulted from the plaintiff's fault, either or both, and the evidence offered at the trial reasonably tends to develop the issue of contributory negligence, it is the duty of the court to charge upon that issue." Bradley v. Cleveland Ry. Co., 3 Abs. 148.

It is maintained that there was evidence from Kroger's own testimony, from which a reasonable inference could be drawn, that his arm was out of the window. "Contributory negligence arising as an inference from plaintiff's evidence must be recognized as an issue, though not pleaded."

Attorneys—John M. McCaslin for Company; W. F. Hopkins and C. H. Hoffmeister for Kroger; all of Cincinnati.