By the Court.
 

 This was an action for damages for personal injury, in which the answer of the defendant pleaded a general denial and also averred that the injuries were caused wholly by the negligence of the plaintiff. The evidence introduced at the trial. was such that the jury might have been justified in finding that both the plaintiff and the deceased were negligent, and that their concurrent negligence directly contributed to produce the accident.
 

 At the close of the case, and before arguments to the jury, the defendant requested the court in writing to give a charge upon contributory negligence. This request was refused.
 

 Contributory negligence was not discussed in the general charge. The court was then requested at the close of the general charge to instruct the jury as follows:
 

 “If you find that the defendant was guilty of negligence, and you further find that the plaintiff
 
 *161
 
 was guilty of negligence which directly contributed to produce the collision, then the plaintiff cannot recover, and your verdict must be for the defendant. ’ ’
 

 These requests were refused. This constituted error prejudicial to the defendant, for which judgment must be reversed.
 
 Glass
 
 v.
 
 Wm. Heffron Co.,
 
 86 Ohio St., 70, 98 N. E., 923;
 
 Rayland Coal Co.
 
 v.
 
 McFadden, Adm’r.,
 
 90 Ohio St., 183, 107 N. E., 330;
 
 Gibbs
 
 v.
 
 Scioto Valley Ry. & Power Co.,
 
 111 Ohio St., 498, 145 N. E., 854;
 
 Bradley
 
 v.
 
 Cleveland Ry. Co.,
 
 112 Ohio St., 35, 146 N. E., 805.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.