HARMONY REALTY CO. v. UNDERWOOD.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7901.    Decided Dec. 5., 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

703.  LANDLORD & TENANT—829 Negligence.

Duty of realty company to keep walks used by tenants free and clear from nuisance. Realty Company cannot rid itself of that obligation, by letting work of cementing areaway to independent contractor.

904.  PEDESTRIANS—1113 Streets & Walks.

Duty of pedestrian to exercise ordinary care for own protection. No duty on part of pedestrian to look for holes in sidewalk or obstruction upon same. Question whether pedestrian's own negligence proximately contributed to injury, is question for jury.

Error to Common Pleas.
Judgment affirmed.

W. H. McMorris, Cleveland, for Realty Co.
Klein, Harris & Diehm, Cleveland, for Underwood.

STATEMENT OF FACTS.

Plaintiff in error, who was defendant below, is seeking to reverse judgment of $3000 for alleged personal injury, sustained by the defendant in error, plaintiff below.

The Realty Company owned and operated two large apartment houses between which there was room for a driveway and two sidewalks, and in one of which Sadie Underwood and her husband had resided for several years. Mrs. Underwood, as well as the other tenants, used the inside sidewalk. There was a very broad area in the inner court, which apparently the Realty Company undertook to concrete. Crushed stone, crushed rock, sand and cement were unloaded at various places.

On July 11, 1925, the defendant in error, according to her testimony, with a basket on one arm and a handbag on the other, went shopping and saw that there was some small crushed stone which had gone over the pile onto the sidewalk, but was able safely to go around it as she went out of the apartment. Upon her return, somehow, there was more of this small crushed stone which had gone over the pile onto the sidewalk, and, with her bundles in front of her, she attempted to safely pass, when her foot got on some crushed stone which was irregular in shape and somewhat larger than pebbles, and so threw her that she was precipitated onto a pile of crushed rock which was right at the edge of the sidewalk. In consequence, she received the injuries mentioned in her petition. The jury returned a verdict in the sum of $3000.

The plaintiff in error introduced evidence tending to show that he let the contract to The J. H. Libby Co. to put in a driveway, consisting of cement and crushed stone, in the areaway between the aforesaid apartments; that the contracting company, in the performance of its work, caused crushed stone to be deposited in the various places within said area; that certain particles rolled from the pile upon the walk along which plaintiff was proceeding at the time she fell.

The major point urged by plaintiff in error, as a ground for reversal, is that the injury was due to the act of an independent contractor, to-wit, The J. H. Libby Co., and that The Harmony Realty Company cannot be held on the principle of respondeat superior. It is urged that The Harmony Realty Co. exercised no control or supervision over the independent contracting company, which contracted to furnish the material and supply the labor in cementing the area between the apartments.

LEVINE, J.

"In the opinion of this court, whatever liability attaches to The Harmony Realty Company, is not on the theory of respondeat superior, but upon the basis that it was itself guilty of negligence. There was clearly a duty devolving upon The Harmony Realty Co. to keep the walks used by the tenants free and clear from nuisance. Its failure to perform said duty would, under certain circumstances, constitute negligence. Nor could The Harmony Realty Co. rid itself of that obligation by letting the work of cementing the areaway to an independent contractor.

On the question of contributory negligence, we find that the court submitted the same to the jury. It is undoubtedly true that the defendant owed a duty of exercising ordinary care for her own protection. Gibbs v. Village of Girard, 88 OS. 34.

In the opinion the court very distinctly points out that it is not the duty of a pedestrian to look for holes in the sidewalk or obstructions upon the same, that in all cases the question of fact should be submitted to the jury, whether the plaintiff's own negligence proximately contributed to the injury which he sustained; that when the court submits the question to the jury, it fully performs its duty.

The case of Jackson v. The Cleveland Ry. Co., 111 OS. 498, reaffirms the doctrine laid down in the Gibbs case.

Upon a study of the record, we have reached the conclusion that substantial justice was done in this case, and the judgment of the Common Pleas Court will, therefore, be affirmed."

(Sullivan, PJ., and Vickery, J., concur.)