## ROMER v MANOFF (2 cases)

Ohio Appeals, 6th Dist, Lucas Co

No 2097, Decided Dec 24, 1928

George H Lewis, Toledo, and Wm. H McLellan,, Toledo, for Romer.

Conn & Halloway, Toledo, for Manoff.

.LLOYD, J

The plaintiff in error claims that each of the verdicts is against the weight of the evidence; that the verdict in favor of Mrs. Manoff is excessive and that the court erred in its charge to the jury. We are unable to say from our examination of the record that either of the verdicts is against the weight of the evidence or that the verdict in favor of Mrs. Manoff is excessive.

In the case of the infant, there could be no question of contributory negligence. In neither case was contributory negligence pleaded as a defense, but plaintiff in error claims that the evidence was such as that the trial court should have submitted to the jury the question of whether or not Mrs. Manoff was guilty of such contributory negligence as would bar a recovery by her. The court, as we have indicated, gave but one charge to the jury, saying to the jurors that the instructions given were equally applicable to the issues involved in both actions. He read to the jury the petition filed by Marion Manoff and the answer thereto of plaintiff in error, and gave no other or further instructions as to the issues involved in either case, except to say that whereas Mrs. Manoff claimed to have been damaged in the sum of $25,000.00, "the petition of the minor prays for $2,500.00." Nor did he give any instructions to the jury as to the issue made by the evidence as to the contributory negligence of Mrs. Manoff.

Mr. and Mrs. Manoff both testified that when they arrived at the intersection of Adams and 20th Streets, the automobile was stopped and while so stopped they both saw the car of Mr. Romer on Adams Street approaching this intersection about three-quarters of a block away and at a speed of 30 to 35 miles an hour, and that, assuming there was time for the Manoff car to cross Adams Street, the attempt to do so was made. A collision resulted, the Romer car striking the rear of the Manoff car resulting, as it is claimed, in injuries to Chester and Mrs. Manoff. The question thus raised is similar to that involved in the case of Matis v. Woodruff, et al., 33 Court of Appeals Opinion, 6th District, unreported p. 293, 6 Abs. 118.

The question of contributory negligence therefore became, by the evidence, an issue in the case and it was the duty of the court to instruct the jury with respect thereto. **Bradley vs. Cleveland Railway Co., 112 Ohio St., 35.** Counsel for plaintiff in error noted a general exception to the charge and a special exception to the failure to charge on the measure of damages and as to the effect of any presumption of negligence which might arise on the part of Mrs. Manoff. If it was necessary to call the attention of the trial court to this omission in his charge, we are of the opinion that this special exception sufficiently called his attention thereto and that, in view of the fact that these two separate actions were tried as one and that the instructions applicable to the one case were not in all respects applicable to the other, it was error not to have instructed the jury in this regard, so that the jurors might not be confused as to the law applicable to the questions at issue.

Since there were two cases which this jury was considering, and since the elements of damage for which the infant might recover and those for which Mrs. Manoff might recover were different, it was especially necessary that the instructions of the trial judge should have been suf-

ficiently definite to serve as a guide to the jury in the determination of the amounts of the verdict, if it found for the plaintiffs. The court does not even indicate that the amounts to be awarded were to be in the nature of compensation only, nor does he say that the jury's finding is to be based upon the evidence. His failure to adequately charge on this subject was, under the circumstances, prejudicial error.

Chester and Mrs. Manoff were guests in the automobile driven by Mr. Manoff and his negligence, if he was in any respect negligent, could not be imputed to either of them. Although the failure to so charge the jury was not prejudicial to plaintiff in error, still, as bearing upon the general nature of the charge of the court, we call attention to the fact that the court did not say anything to the jury about this aspect of the case, nor did he say anything to the child of two years of age could not, under any circumstances, be guilty of contributory negligence.

The trial judge instructed the jury that

"The plaintiff to have a verdict in this case, you must first find that the defendant was negligent and that by the negligence of the defendant the plaintiff was injured."

The very necessary element of proximate cause is omitted, nor is there anywhere in the charge any reference thereto. In another part of the charge, after stating some tests by which the credibility of witnesses may be determined, the court says:

"It will then be your duty to decide the question of the verdict in this case from the facts produced from the witness stand, guided by the instructions of law given, and especially by the arguments of counsel for the parties in this case. It is your duty to give these absolute consideration, so far as the law is concerned, and it is your duty to accept the instructions of the court that the court has given you and rely upon the evidence produced during the trial."

Obviously this instruction is incorrect and misleading.

An examination of the charge in its entirety shows it to be so indefinite and incomplete.

Richards and Williams, JJ, concur.