AUGUSTA, APPELLANT, v. PARADIS, APPELLEE.

(Decided February 9, 1939.)

Messrs. *Moore & Moore* and *Messrs. Amerman & Mills,* for appellant.

Mr. *Harry Nusbaum* and Mr. *Harry L. Paradis,* for appellee.

SHERICK, J. Plaintiff, a guest-passenger in the automobile of one Transue, was injured at a street intersection in a collision with defendant's car, then being operated by him. As a result thereof, as is disclosed by the pleading and uncontroverted evidence, plaintiff sustained an injury to the brain by reason of which she is now incurably insane.

Although the cause went to trial upon amended pleadings, in view of what will be hereinafter said concerning one of the specifications of error, it may be noted that her guardian pleaded that Transue's auto-

mobile, at the time of the accident, was being operated upon the street which in fact was being traversed by defendant's car. Thereafter, upon leave of court, plaintiff's guardian filed an amended petition which corrected the course of Transue's vehicle, to that which it actually did pursue as is evidenced by defendant's answer and the undisputed facts.

The amended petition charges the defendant with having operated his car in a negligent manner. Six specific acts are averred to be the proximate cause of plaintiff's injury. To this pleading, defendant filed an amended answer. The first defense admits certain facts, but concludes with and is a general denial of plaintiff's claims. As a second defense it is averred "that whatever injuries plaintiff's ward sustained were due wholly, solely and directly to the carelessness, recklessness and negligence of Frank Transue in the operation of said car." It is pleaded that Transue was negligent in failing to yield the right of way, in not having his car under control, in driving at an excessive speed, in his inability to stop within the assured clear distance ahead and in his failure to bring his car to a stop at the intersection in violation of a municipal ordinance. The averments of this pleading are denied by the reply.

In order that the issues upon which the cause was submitted to the jury may be fully comprehended, it should be stated that although Transue appeared as a witness on plaintiff's behalf, he was in no wise a party to the action. Certain particles of evidence must likewise be related. Transue testified that he had had three glasses of beer within a period of about six hours and that he remembered little of what transpired after the collision by reason of being thrown out of his car upon the street. He also relates that plaintiff had one drink of beer or coca-cola. He did not know which. Defendant related that he smelled liquor on Transue's breath and that he staggered. From these

facts and their connection with defendant's evidence concerning Transue's claimed negligence in the manner of operation of his car, the lateness of the hour, and the seemingly aimless driving about town by Transue, and the course pursued at the time of accident with respect to plaintiff's home and her direction of the course to her home; defendant drew the inferences that Transue was intoxicated, and that plaintiff, knowing her escort's condition and continuing to ride with him, failed to exercise due care for her own safety, and hence, plaintiff was negligent or Transue's negligence was imputable to her.

In accordance with this hypothesis defendant asked the giving of his special request No. 8, which presented the issue of contributory negligence. This request was not only given, but the court in its general charge to the jury fully covered the issue therein.

The primary issues which the jury had to and did consider as shown by the pleadings, evidence and the charge were those of proof of plaintiff's claim of defendant's negligence and contributory negligence upon the plaintiff's part. These issues by the jury's general verdict were resolved in defendant's favor. From the judgment entered upon this verdict, plaintiff appeals.

The majority of the errors complained of are embraced within the query: Was contributory negligence an issue in this cause? If it was a proper issue, and the issue of defendant's negligence was submitted without the intervention of prejudicial error, then of course the judgment should be affirmed upon the theory of the two-issue rule found in *Sites* v. *Haverstick,* 23 Ohio St., 626.

Was the issue of contributory negligence embraced within the pleadings? We think not. Defendant by his general denial created the issue which the plaintiff was bound to prove. By the matter averred in his labeled second defense, defendant chose to plead and

to thereafter prove that Transue's negligence was the sole cause of the accident. If he was successful in this, then the jury must conclude that defendant was not negligent as charged, or, if he was negligent, that such was not a proximate and contributing cause to plaintiff's injury. The issue made by plaintiff's claim and defendant's denial cast upon plaintiff the burden of not only proving defendant's negligence but also the question of proximate and contributory cause. It is therefore clear that defendant's second defense added nothing to the issue as made by the general denial. It did not admit negligence upon defendant's part and therefore does not make contributing negligence an issue by the pleadings in the case. It all amounts to but an averment that the accident was solely due to the negligence of a third party, and he, the defendant, was not at fault.

In *Glass* v. *William Heffron Co.*, 86 Ohio St., 70, 98 N. E., 923, cited with approval in *Bradley* v. *Cleveland Ry. Co.*, 112 Ohio St., 35, 146 N. E., 805, it is held in the first paragraph of the syllabus:

"An answer which sets up, first, a general denial of the allegations in the petition, and, second, a denial that the defendant was negligent, followed by an averment that it was by the plaintiff's own fault and negligence that he was injured, does not raise the issue of contributory negligence; but it is more than a denial that plaintiff was without fault. It is an averment that the plaintiff's own negligence was the *sole* cause of his injury."

An averment of sole cause of injury in a plaintiff or in a third person are of like effect. Neither creates an affirmative defense. If the evidence fails to establish sole cause in defendant, and another be negligent, plaintiff has not necessarily failed to maintain the issue of defendant's negligence, for if plaintiff be not negligent and that of the defendant and a third party combine to cause the injury, and defendant's negli-

gence be a proximate and contributing cause, plaintiff may recover.

Is the issue of contributory negligence made by the evidence? The facts hereinbefore related contain all the evidence found within the record relative thereto. From these facts, it might be reasonably inferred that Transue had drunk more than three glasses of beer. But to infer therefrom that he was drunk upon three glasses of beer taken within a period of six hours is to strain the inference to the breaking point. But if this inference is entertained, the matter does not end, for the jury must have further inferred that if Transue was drunk that plaintiff had knowledge of such fact and that she continued to ride with him all unmindful of due care upon her part for her own safety. In truth it must be inferred, even if she knew him to have become intoxicated, that she made no effort to escape from her position of peril. She might have learned of her peril and been unable to effect an escape. If she did so, any negligence of Transue's could not be imputed to her.

It is settled law in this state that inference cannot be piled upon inference. If such were not true inferences would soon become more important in the trial of causes than facts. When we apply the rule of *Sobolovitz* v. *Lubric Oil Co.*, 107 Ohio St., 204, 140 N. E., 634, in that "an inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence," to the cause at issue, it clearly appears that no fact was proven from which it might logically be inferred that plaintiff had knowledge of Transue's intoxication, which fact is itself but inference; and if plaintiff possessed knowledge it must be further inferred that she complacently continued to fail to exercise due care for her own safety.

We therefore conclude that an issue of contributory negligence was not presented in this action, either by

the pleading or by the evidence. It should not have been given to the jury. A litigant is entitled to have his cause submitted without the intervention of an issue which is not responsive to his cause. In *Fire Ins. Co.* v. *B. & O. Rd. Co.,* 129 Ohio St., 401, 411, 195 N. E., 861, it is said:

"It has been held by this court that a charge to a jury on an issue not in the pleadings and on a theory upon which the case was not tried, is ground for reversal." See also, *Cincinnati Traction Co.* v. *Forrest,* 73 Ohio St., 1, 75 N. E., 818.

One further claimed error shall engage our attention. During the course of defendant's argument, counsel read from the original petition that portion thereof hereinbefore commented upon. This was done not only for the purpose of discrediting the testimony of the witness, Transue, but also in aid of the claimed issue of contributory negligence. This pleading was not offered in evidence. It was not signed or acknowledged by Transue, who was not a party to this action. Had these three facts existed such comment would have been proper. We know of no rule of evidence or trial practice which should or does countenance such a performance under the circumstances here encountered. It was error prejudicial to plaintiff's rights. The guardian, perhaps relying upon her imbecile sister, no doubt made an honest mistake which was seasonably corrected to conform to the correct version. At least the record does not show Transue to have been the author of the mistake.

The judgment of the trial court must be reversed and the cause remanded.

*Judgment reversed and cause remanded.*

Montgomery, P. J., and Lemert, J., concur.