**JOHNSON, Plaintiff-Appellant,· v. MANNERS, a Minor, Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3910. Decided October 9, 1957.

Ralph R. Thombs, Youngstown, for plaintiff-appellant.

William E. Pfau, William E. Pfau, Jr., Youngstown, for defendant-appellee.

## OPINION

By PHILLIPS, J.

Plaintiff appeals on questions of law from a judgment of the court of common pleas entered upon a jury verdict returned for defendant in her action against defendant, a minor, to recover damages for personal injuries.

Mahoning Avenue, a main thoroughfare of the city of Youngstown, extends in a general easterly and westerly direction within the corporate limits thereof and crosses Richview Avenue, the southerly portion of which, known as South Richview Avenue, dead ends at Mahoning Avenue about one hundred twenty-five feet west of the place where the northerly portion thereof, known as North Richview Avenue, dead ends at Mahoning Avenue.

North Brockway Avenue extends in a northerly direction from Mahoning Avenue about one hundred twenty-five feet west of South Richview Avenue. Traffic moving on that street and Mahoning Avenue at that point is controlled by an automatic traffic signal light.

About 9:15 P. M. on February 28, 1955, plaintiff was in the act of crossing from the south to the north side of Mahoning Avenue at a place where an extension of the westerly sidewalk of South Richview Avenue would cross Mahoning Avenue at a time when the light controlling traffic at North Brockway and Mahoning Avenues indicated red, blocking traffic at North Brockway and Mahoning Avenue, when defendant allegedly operated his automobile in an easterly direction on Mahoning Avenue, allegedly against such traffic signal, into collision with plaintiff at a time when she was just approaching the mid-line of Mahoning Avenue, the vehicular travelled portion of which at that place was about forty feet wide.

Plaintiff objected to the following answer with reference to the speed of defendant's car, and allowance thereof remaining in the bill of exceptions:—

"I am really no judge of speed, but he was going slow."

Ruling on the objection the trial judge said, and we believe rightly:—

"No; strange as it may seem to you, I am going to allow that answer

to stand. While he says he is not a judge of speed, that is a case of how the car appeared to be in motion to him, and I think it may remain. with an exception to the ruling."

Subsequently in the trial of the case a witness answered with reference to the speed of defendant's car:—

"I don't know any approximate speed, but he wasn't going fast."

Plaintiff's counsel objected to the foregoing answer. Whereupon counsel for defendant said "it may be stricken," and the trial judge added "I would have to sustain that." Plaintiff's counsel argues, erroneously we believe, that this was evidence of the fact that the trial judge should have sustained plaintiff's objection to the former answer quoted supra.

In **State v. Auerbach, 108 Oh St 96, syllabus 1**, it is said:—

"It is a general rule that any person of ordinary intelligence, who has had an opportunity for observation, is competent to testify as to the rate of speed of a moving automobile; the qualifications of the witness to judge accurately going to the weight which the jury may give his testimony rather than to its competency. Unless an abuse of discretion appears in permitting an expression of such opinion, no prejudicial error intervenes."

Under the assigned ground of "error of law appearing on the record prejudicial to the rights of the plaintiff which prevented her from having a fair trial and receiving substantial justice" plaintiff complains that the issue of contributory negligence, which she contends was not raised by the pleadings nor the evidence, was "interjected by the court at the instance of the defendant in his special requests to charge before argument," which the court submitted to the jury, "and reiterated and reemphasized the contents" thereof "in his general charge."

In the case of **Centrello v. Basky, 164 Oh St 41, at page 47**, the supreme court said:—

"This court has held in several instances that, even though the pleadings do not raise the issue of contributory negligence, if it arises in a case by virtue of the evidence, the court should charge on that subject. **Bradley v. Cleveland Ry. Co., 112 Oh St 35, 146 N. E., 805; Fries v. Cincinnati St. Ry. Co., 138 Oh St 537, 37 N. E. (2d), 193; 29 O. Jur., 785, Section 234.** Compare **Schreiber v. National Smelting Co., 157 Oh St 1, 104 N. E. (2d) 4.**"

Without setting forth here, in our opinion plaintiff's testimony and that of her mother, Leola Rosser, raised the issue of contributory negligence.

In the case of **Patton v. Pennsylvania Railroad Co., 136 Oh St 159, at page 165**, the court said:—

" 'Surely it will not do for one to claim the right to recover simply because he has looked and did not see, if the conditions are such that, had he looked, he must have seen. When he says he did look, and the conditions establish the fact that any one who looked would have seen, then, if he says he did not see, his own evidence establishes the fact that he did not look, though he may think he did.' See, also, Cincinnati, N. O. & T. P. Ry. Co. v. Farra (6 C. C. A.), 66 F., 496; Erie Rd. Co. v. Hurlburt (6 C. C. A.), 221 F., 907."

The trial judge submitted to the jury, over plaintiff's objection, the following requests to charge before argument:—

"1. The legislature of the State of Ohio passed a statute which was in full force and effect on the day this accident happened. A part of that statute provided as follows: 'Pedestrians shall not step into or upon a public road or highway without looking in both directions to see what is approaching.' And I say to you as a matter of law that a violation of this statute is negligence per se or negligence in itself.

"2. The defendant, Richard Manners, had the right to assume, in the absence of knowledge to the contrary, that the plaintiff in this case, Leola Johnson, in attempting to cross Mahoning Avenue would act as a person of ordinary care and prudence and exercise ordinary care to make use of her senses of sight and hearing for her own protection.

"3. If you find from the evidence in this case that the view of the plaintiff, Leola Johnson, from the curb to the west for vehicular traffic moving easterly on Mahoning Avenue at said time and place was somewhat obstructed by automobiles parked near the intersection and along the southerly side thereof, and you further find that the plaintiff attempted to cross said Mahoning Avenue at or near the intersection of South Richview Avenue and passed said parked cars, then I say to you as a matter of law that the plaintiff was charged with the duty of exercising ordinary care to make use of her senses of sight and hearing for her own protection as would a person of ordinary care and prudence.

"4. If you find from the evidence in this case that the plaintiff, Leola Johnson, in attempting to cross the street at the time and place in question failed to act as a person of ordinary care and prudence and failed to make use of her senses of sight and hearing for her own protection, and that such failure on her part directly contributed in the slightest degree to cause this accident and her resulting injuries, then I say to you as a matter of law that the plaintiff cannot recover in this case and your verdict must be for the defendant, Richard Manners.

"5. If you find from the evidence in this case that the plaintiff, Leola Johnson, stepped into or upon Mahoning Avenue without looking in both directions to see what was approaching, then I say to you as a matter of law that the plaintiff would not have the right of way at this intersection.

Plaintiff contends that the submission of the above requests to charge was prejudicial to her because by such charges the trial judge said in effect that plaintiff crossed Mahoning Avenue at the time and place at her peril, and the trial judge usurped the province of the jury by specifying the nature of plaintiff's conduct, and left the inference with the jury that automobiles parked in the vicinity of the place where she crossed Mahoning Avenue obscured her view and that she stepped out from behind them.

With reference to request to charge number one, the supreme court in the case of **Wolfe, Admr. v. Baskin, 137 Oh St 284,** said in the eleventh paragraph of the syllabus:—

"11. Under §6310-36 GC, a pedestrian who steps into or upon a public street without looking in both directions to see what is approaching is guilty of negligence per se."

With reference to request to charge number two, the supreme court said in the case of **Swoboda v. Brown, 129 Oh St 512,** in the eighth paragraph of the syllabus:—

"One may rightfully assume the observance of the law and the exercise of ordinary care by others, and action by him in accordance with such assumption in the absence of notice or knowledge to the contrary is not negligence."

The cases of **Beers v. Zettelmeyer, 155 Oh St 520,** and Wolfe, Admr. v. Baskin, supra, dispose of plaintiff's objection to charges numbered three and four.

**Sec. 4511.01 R. C.,** disposes of request to charge number five in defendant's favor.

On the ground that reasonable minds could draw no "reasonable inference of negligence on the part of the plaintiff" plaintiff complains that the verdict of the jury is "not supported by sufficient evidence," and is "contrary to the weight of the evidence." We do not so interpret the evidence.

Now plaintiff claims that the trial judge erred to her prejudice in his general charge to the jury by over-emphasis of the issue of contributory negligence referred to by plaintiff in two special requests submitted by her and charged by the trial judge. Plaintiff charges the trial judge erred to her prejudice by repeating unnecessarily the duty imposed upon plaintiff to look before starting to cross Mahoning Avenue; and erred in repeating defendant's requests to charge before argument numbered 2, 3, 4 and 5; and erred in requiring of plaintiff a higher degree of care than that imposed upon her by law; and erred in charging the jury that the "defendant was required to use ordinary care"; and erred in summarizing the issues in a confusing, conflicting and misleading manner."

In **4 O. Jur. (2nd), Paragraph 993, Page 269,** it is said:—

"In determining the question of prejudicial error in the instructions of the trial court to the jury the charge must be taken as a whole and the portion which is claimed to be erroneous must be considered in its relation to, and as affected by, the other parts of it. * * * If, from the entire charge, it appears that a correct statement of the law was given in such a manner that the jury could not have been misled, no prejudicial error can be held to have resulted. * * *

"Consequently, if the charge considered as a whole appears to be fair and proper and to state the law of the case correctly and in a way reasonably calculated to enable the jury to understand the rules of law which they are to apply to the evidence before them, the judgment will not be reversed because the language of some part of the charge may, if taken alone, be objectionable or subject to criticism, or because some clause, sentence, or paragraph standing by itself is erroneous, inaccurate, obscure, ambiguous, or misleading or confusing. Nor will the judgment be reversed, provided the parts excepted to are not in themselves calculated to mislead, because particular paragraphs fail to embrace every condition to a recovery or a defense, or fail to amount to a complete exposition of the law upon the subject with which it deals. * * *.

"But in any case, in determining whether the charge properly and

sufficiently states the issues, consideration must be given to all that has been said to the jury, including the special charges given before argument, the general charge, and requested charges given in connection therewith."

In the case of **Centrello v. Basky, supra,** in which this court was reversed, the supreme court said:—

"* * * What was said afterward was inadvertent and misplaced, but it was not, upon a consideration of the entire record and an examination of the general charge as a whole, as grevious or consequential as either the court of appeals or the plaintiff regarded it. **Western Ohio Ry. Co., v. Faurburn, Admr., 99 Oh St 141,** 124 N. E., 131; Ochsner, Admr., v. Cincinnati Traction Co., supra; **Youngstown Municipal Ry. Co. v. Mikula, a Minor, 131 Oh St 17,** 1 N. E. (2d), 135.

"Of course, every litigant is entitled to a fair and properly conducted trial, and serious errors committed during the progress of a trial should be noticed and acted upon by a reviewing court, but, where it is apparent that the errors complained of are not so flagrant or important as to have patently influenced the result of the trial a reviewing court should be slow to interfere."

On the two-issue rule the supreme court in the case of Centrello v. Basky, supra, at page 49, said:—

"Such rule is that, where a general verdict is returned for one of the parties, and the mental processes of the jury have not been tested by special interrogatories to indicate which issue was determinative of the verdict, it will be presumed that all issues were resolved in favor of the prevailing party. And where a single determinative issue has been presented free from error, error in presenting another issue will be disregarded. The Ohio cases expounding and applying such rule, beginning with **Sites v. Haverstick, 23 Oh St 626,** are numerous. Among them are Jones v. Erie Rd. Co., supra; **Ochsner, Admr., v. Cincinnati Traction Co., 107 Oh St 33,** 140 N. E., 644; **Knisely v. Community Traction Co., 125 Oh St. 131,** 180 N. E., 654; **Leonardi v. A. Habermann Provision Co., 143 Oh St 623,** 56 N. E. (2d), 232; **Bush, Admr., v. Harvey Transfer Co., 146 Oh St 657,** 67 N. E. (2d), 851."

Plaintiff complains in her seventh assigned ground of error in a case in which she argues that "the facts in this case are simple and few, and with one or two exceptions were not much in conflict on the trial," and that the trial judge erred to her prejudice by refusing "to supplement the general charges requested by the plaintiff." We do not so conclude.

We find no error prejudicial to plaintiff in the respect charged in this assigned ground of error.

The judgment of the court of common pleas is affirmed.

NICHOLS and GRIFFITH, JJ, concur.