Beil, J.,
dissenting. It has long been the law of Ohio that, even though the pleadings do not raise the issue of contributory negligence, if it arises in the case by virtue of the evidence, the court should charge on that subject. Behm v. Cincinnati, Dayton & Toledo Traction Co., 86 Ohio St., 209, 99 N. *143 E., 383; Bradley v. Cleveland Ry. Co., 112 Ohio St., 35, 146 N. E., 805; Fries v. Cincinnati Street Ry. Co., 138 Ohio St., 537, 37 N. E. (2d), 193; Centrello, a Minor, v. Basky, 164 Ohio St., 41, 128 N. E. (2d), 80.
Probably no greater difficulty faces the trial judge in the course of a negligence trial than the determination of whether the question of contributory negligence is “in the case.” Such difficulty is probably only surpassed by that confronting the jury in comprehending the instructions which the judge is required to give in the event he determines that the plaintiff’s evidence raises an inference of contributory negligence. Baltimore & Ohio Rd. Co. v. Whitacre, 35 Ohio St., 627.
The trial judge here heard all the evidence. In attempting to find the fine line between whether he should charge on contributory negligence or whether he should not, he undoubtedly gave careful consideration to all the evidence. He determined that the question was there. The Court of Appeals reviewed that record and a majority thereof came to the same conclusion. For this court to say from that same record that, as a matter of law, the reaction of the plaintiff was “normal, prudent and reasonable” is an arrogation to itself of a function more properly to be relegated to the jury.