Jones, P. J.
'Counsel for plaintiff in error insists that the trial court committed reversible error in refusing to make an additional charge to the jury in response to his request at the end of the general charge, defining the relation that plaintiff’s conviction of a felony bore to his credibility as a witness; and he relies chiefly upon this so-called error to secure a reversal of the judgment below.
While under the common law one who had been convicted of an infamous crime was not permitted to testify, that harsh rule has been abrogated, and under our code all persons are competent witnesses except those of unsound mind and children of tender years. Section 11493, General Code.
In criminal cases it is provided, Section 13659, General Code:
“No person shall be disqualified as a witness in a criminal prosecution by reason of his interest in the event thereof, as a party or otherwise, of by reason of his conviction of crime. * * * Such interest, conviction or relationship may be shown for the purpose of affecting the credibility of such witness.”
There is no question, therefore, but that the plaintiff was a competent witness in this case. Defendant furnished to the jury ample proof of his conviction of the crime of bribery, and, that being ' practically all of the testimony offered by defendant, it certainly must have been impressed upon the minds of the jurors as one of the important “circumstances appearing in connection with the evidence produced at the trial” from which the jury were directed by the court “to determine *160 which witness is the more worthy of credit and to give credit accordingly.”
It would have been proper for the court to instruct the jury that they might take into consideration the fact of his conviction in determining his credibility. (Conkey v. Carpenter, 106 Mich., 1.) But that was not necessary, and possibly might have been considered improper under the rule laid down in The State of Ohio v. Tuttle, 67 Ohio St., 440, in which the fourth clause of the syllabus is as follows:
“It is not the province of the court to classify witnesses, and give to the jury what the experience of the courts may be in respect to such a class, but their credibility should be left to the jury, under all the competent facts and circumstances of the case before it.”
No written charge in this respect was asked by counsel for defendant, as might have been done under Clause 5 of Section 11447, General Code, nor was any distinct rule of law suggested or formulated by counsel in his request to the court at the close of the general charge. It was clearly the duty of counsel not only to call the court’s attention to such omission as he claimed, but, if he desired to found error upon it, to indicate clearly what he claimed the law to be and what charge he desired the court to give. It does not seem to be essential that this request should be in writing, but there must be some specific rule of law formulated in that request in order to predicate error upon its refusal. The Columbus Railway Co. v. Ritter, 67 Ohio St., 53, and Whitaker, Admr., v. *161 The Michigan Mutual Life Insurance Co., 77 Ohio St., 518, 522.
In the opinion of this court it was not prejudicial error in the trial judge to fail to add anything, further to what had been said by him in the general charge on the suggestion made by the counsel for defendant below; and a careful review of the record fails tó disclose any error to the prejudice of the plaintiff in error, and the judgment is therefore affirmed.

Judgment affirmed

Gorman and Hamilton, -JJ., concur.