## HALEY ET AL. *v.* DEMPSEY, EXR., ET AL.

*Evidence — Confidential communications — Attorney and client — Conversation in presence of third person — Contest of will — Waiver of privilege — Attesting witness and executor of will — Section 11494, General Code — Confidential. relations and undue influence — Presumptions of law and fact — Charge to jury — Procedure to challenge or preserve exceptions.*

1. The fact that communications between attorney and client are held in the known presence of third parties, at a certain conference, does not prevent communications made later, during the same conference or at a different conference in the absence of such third parties, from being confidential.

2. In a proceeding to contest the will of such client the rule is not altered by the fact that one of the third parties was a law partner of the attorney and an attesting witness to the will.

3. In a proceeding to contest a will the executer has no power to waive the privilege from testifying as to confidential communications as given by Section 11494, General Code.

4. In order to predicate error upon the omission of the court to make a charge to the jury, counsel must indicate clearly what he claims the law to be and what charge he desired the court to give.

5. The so-called presumption of undue influence arising from confidential relations between testator and beneficiary is a mere inference of fact and not a presumption of law regarding which the court should charge the jury.

(Decided January 20, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Hicks & Hicks* and *Mr. James R. Jordan,* for plaintiffs in error.

*Messrs. Dempsey & Nieberding* and *Mr. Robert P. Hargitt* for defendants in error.

SHOHL, P. J. The plaintiffs in error, who were plaintiffs below, brought an action in the court of

common pleas to set aside the will of the late Johanna Gleason. They were cousins of the testatrix, who was a widow. She left no children and no brothers or sisters, nor any descendants of any brothers or sisters. By her will she bequeathed $4000 to nephews and nieces of her late husband; $1000 to Rev. James Moore, to be expended for having masses read; she gave the plaintiffs the sum of $5 each; and gave the rest and residue to Rev. James Moore to pay to such charitable and religious purposes as he deemed best.

At the time the will was executed, March 12, 1917, she was more than 70 years old. She designated Edward J. Dempsey as her executor. She died May 10, 1917. The will contest was tried to a jury which rendered a verdict sustaining the will. Error is prosecuted to this court.

The principal assignments of error are two. Exception is taken to permitting Judge Dempsey, who acted as Mrs. Gleason's attorney, to testify concerning communications made to him by her and the advice which he gave to her. It is admitted that Judge Dempsey was Mrs. Gleason's attorney. He was sent for, and, with his partner Mr. Nieberding, conferred with Mrs. Gleason on two occasions. During one of the conferences a Mrs. Criss was in the room part of the time. The statute, Section 11494, General Code, provides:

"The following persons shall not testify in certain respects:

"1. An attorney, concerning a communication made to him by his client in that relation, or his advice to his client * * *. But the attorney

\* \* \* may testify by express consent of the client \* \* \*."

The fact that Mrs. Criss may have been in the room part of the time the conference was going on does not establish that communications made during the periods when she was absent from the room are not confidential. The parties were conferring about matters of a confidential nature, and, while it may be argued that Mrs. Gleason did not impose secrecy as to those matters which she voluntarily permitted Mrs. Criss to hear, that would not alter the confidential nature of the communications made when she was absent, nor of those made at the second conference on March 12, when only Judge Dempsey and Mr. Nieberding were present with Mrs. Gleason. The fact that on one or more occasions communications between attorney and client are held in the known presence of third persons does not prevent communications made later, in the absence of such third person, or made on a different occasion, from being confidential. Except as to those matters spoken in the known presence of Mrs. Criss the communications were confidential.

Mr. Nieberding signed the will as an attesting witness. The request to become a witness to her will operates as an express release or waiver as to him. (*Baird* v. *Dietrick,* 8 Ohio App., 198.) It is urged that therefore the seal of secrecy as to those matters which transpired in the presence of Mr. Nieberding was removed as to Judge Dempsey also. The statute requires an express waiver. Where a party has two lawyers it seems plain on principle that an express waiver as to one is not a renunciation of all of the rights of the person mak-

ing the confidential communication. The granting
of an express permission to Nieberding is not an
express waiver of the privilege respecting any other
person. Had she desired to waive the privilege as
to Judge Dempsey, it would have been easy to have
had him sign as an additional witness to the will.

Judge Dempsey was made executor under the
will, and it is argued that the executor has the power
to waive the privilege. While there are conflicting
decisions throughout the several states, the Ohio
law is that the executor is not so empowered in a
will contest. (*Swetland* v. *Miles,* 101 Ohio St.,
501.) It follows that the court erred in admitting
the testimony of Judge Dempsey as to communications with the testatrix, other than those had in the
presence of Mrs. Criss.

It is further urged that the court failed to charge
the jury regarding the effect of the relation existing
between the testatrix and the Rev. James Moore.
Father Moore died prior to the probate of Mrs.
Gleason's will. There is evidence tending to show
that he had been pastor of Mrs. Gleason's church
for a number of years prior to her death, that he
visited her repeatedly and advised her regarding
her financial affairs. It was he who called on Judge
Dempsey and made the arrangements to have him
act as her lawyer. He had conferred with her
before the lawyers did and had drawn up a memorandum of what she desired. The actual preparation of the will was by Judge Dempsey. It is argued, in view of the confidential relation existing
between Mrs. Gleason and Father Moore, and the
acts on his part with respect to the preparation and
drafting of the will, that from such relation and

acts the law raises a presumption of undue influence which must be rebutted by other evidence showing that the testatrix was not influenced thereby, and it is urged that the court erred in refusing so to charge the jury.

At the conclusion of the charge of the court a colloquy took place as follows:

"Mr. Hicks: Your Honor has wholly failed to charge anything in reference to confidential relations in this case and we think and ask that the court should charge on that matter because it is an all-important one. In many States it is held that the mere fact of the relation existing and a benefit to the parties sustaining that relation in itself raises a presumption of undue influence.

"The Court: Inasmuch as I do not hold it goes that far, I do not see why I should charge it.

"Mr. Hicks: It holds this; that it is an important matter affecting the question, and even sufficient in some instances to determine, standing alone. Now whether it goes that far — whether Your Honor wants to charge that it goes that far or only that it raises a suspicion or tends to show —

"The Court: You will take exception, Mr. Hicks.

"Mr. Dempsey: Note my general exception, too.

"Mr. Hicks: Note an exception to the refusal of the court to charge on the confidential relation sustained by Father Moore to the testatrix after counsel for plaintiffs have called his attention to the omission."

From the foregoing it will appear that counsel did not formulate any specific rule of law and request that such a charge be given. No court to whom such a remark was addressed could reasonably be expected to know what counsel claimed the law to be. If counsel desired to predicate error upon this omission of the court they should have indicated clearly what they claimed the law to be, and what charge they desired the court to give. (*Cincinnati Traction Co.* v. *Lied,* 9 Ohio App., 156.) But aside from the question of procedure, the court is of opinion that the trial court did not err in refusing to charge in the manner which counsel for plaintiffs in error urge in their brief. It is claimed that where a confidential relation is established and a gift made to a person in whom confidence is reposed, and such person participates in the drafting of the will, or makes suggestions for drawing it, a presumption of fraud or undue influence arises which the proponent has the burden of proof to overthrow. The word "presumption" is to some extent an ambiguous word, and many instances are found in the decisions in fraud cases, and in will contests, where it is used in more than one sense. Presumptions may be either of fact or of law. A presumption of law is a rule of law that a particular inference shall be drawn by a court or jury from a particular circumstance. A presumption of fact is a rule of law that a fact, otherwise doubtful, may be inferred from a fact which is proved. (Lawson on Presumptive Evidence [2 ed.], 639.) This distinction is adverted to in the case of *Hutson* v. *Hartley,* 72 Ohio St., 262, 268, 269, 270.

Under the Ohio law the order of probate is *prima facie* evidence of the due attestation, execution and validity of a will, and when the order of probate is introduced in evidence the burden of proof in respect to all of these subjects rests on the contestants of the will. *Mears* v. *Mears,* 15 Ohio St., 90, and *Hutson* v. *Hartley, supra.*

In the further progress of the trial there is no such change in the burden of proof and law as to require the court in its charge to the jury to instruct them that in respect to any particular issue or items of evidence the burden of proof is thrown back from the contestants to the proponents.

While it is argued here that the effect of a charge as now contended for does not affect the burden of proof, the effect of such a charge would be to require the court to instruct contradictory presumptions in respect to the same subject-matter at the same time. *Hutson* v. *Hartley,* 72 Ohio St., 262, 268.

The so-called presumption of undue influence arising out of confidential relations is neither a conclusive presumption nor a presumption of law. It is a mere inference of fact which the jury may draw.

"While the jury may find undue influence as a fact from the fact that a beneficiary in confidential relations with testator drew the will, the court must not charge the jury as a matter of law so to find." Page on Wills, Section 414, page 492.

See also *Hall, etc.,* v. *Hall,* 78 Ohio St., 415, at page 416, where the supreme court held that the trial

court erred in giving a charge which in substance told the jury what weight they should give to a particular item of evidence of facts which constituted a confidential relation. See also the discussion in the decision (not the syllabus) in *Graham* v. *Courtright,* 180 Ia., 394, 405-416.

It is for the jury to determine what inferences of fact are properly to be drawn from the evidence adduced at the trial.

The court would have been right in refusing to charge on what contestants now claim to be the law, even if the matter had been brought properly to its attention.

For the error in the admission of the evidence as above set forth, the judgment will be reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

HAMILTON and CUSHING, JJ., concur.