ADAMS, EXR., ET AL. *v.* FOLEY ET AL.

(Decided April 9, 1929.)

*Mr. C. H. Workman* and *Mr. W. F. Voegele,* for plaintiffs in error.

*Mr. Van C. Cook* and *Messrs. Huston & Huston,* for defendants in error.

HOUCK, J. Plaintiffs in error were the defendants below and the defendants in error were the plaintiffs.

On the 16th day of September, 1926, William Foley and others, infants, by their next friend, S. A. Foltz, filed their petition to set aside the will and codicil thereto, averring among other things that: "A certain writing purporting to be the last will and testament of Hanorah Foley, bearing date of February 20, 1926, and a codicil added thereto of the date of March 26, 1926, was admitted to probate by the Probate Court of Richland county." Plaintiffs below prayed for an order that an issue be made up.

The defendants filed no answer.

The court made up an issue on the journal, in the following words and figures, to wit:

"It appearing to the court that the plaintiff in this case seeks to set aside a certain paper writing purporting to be the last will and testament of Hanorah Foley, late of the county of Richland, deceased, which has been admitted to probate according to the statute in such case made and provided, and no issue being made by the pleadings, it is now ordered that

the validity of said will be, and hereby is, put in issue between the parties, and that it be ascertained by the verdict of the jury whether said writing is the last will and testament of said Hanorah Foley or not."

Trial was had, the jury found for the plaintiffs below, the trial judge overruled a motion for a new trial, and from the judgment entered on the verdict error is prosecuted by plaintiffs in error, who seek a reversal of the judgment so entered and predicate same upon three assignments of error:

(a) Error in the admission of evidence.

(b) Error in the general charge of the court.

(c) That the verdict and judgment are against. the manifest weight of the evidence.

The bill of exceptions contains more than four hundred pages of closely typewritten matter, which required some time to read and analyze. Under the assignments of error it was necessary that the court read with care the record before us, hence the seeming delay in reaching a conclusion in the case.

As to the claimed error in the admission of evidence, we do not deem it necessary to set out the evidence objected to. The record shows that the trial judge stated to the jury, at the time, the purpose for which the evidence was admitted, and we hold the court, in doing so, committed no error of a prejudicial nature.

Courts are bound to exercise discretion in the admission of evidence. While the materiality of the evidence sought to be excluded may be questioned, yet in order to be prejudicial it must not only be material to the issues to be determined, but erroneous as well, and we do not find both of these elements in the admitted evidence.

If evidence is competent for any purpose, it is admissible. *Cleveland, Columbus & Cincinnati Rd. Co.* v. *Terry,* 8 Ohio St., 570, 580; *Pennsylvania Co.* v. *Mahoney, Admx.,* 22 C. C., 469, 12 C. D., 366.

Was there error in the general charge to the prejudice of the plaintiffs in error?

Counsel for plaintiffs in error say that nowhere in the charge as given to the jury by the court is there any mention of the codicil and that such omission is reversible error. They further urge that the proper issue to be submitted under the facts to the jury was whether or not the writing produced was the valid last will and codicil of Hanorah Foley, deceased.

The record discloses that the petition of plaintiffs below, by proper averments, sought to set aside the will and codicil; that on the trial the defendants below, the plaintiffs in error here, offered in evidence the record of the probate court, showing that the will and codicil were admitted to probate; that in the trial evidence was offered as to both will and codicil; that the judgment entry was approved and signed by counsel on both sides, as the final judgment in the case in the common pleas court; the same being as follows:

"This day came the parties hereto by their respective counsel, and the jury having, on a former day at a former term, rendered a verdict for the defendant, finding that said paper writing purporting to be the original last will and testament and codicil of Hanorah Foley, and admitted to probate in said Probate Court of this county on the seventh day of October, 1926, is not the valid last will and testament and codicil of the said Hanorah Foley, deceased, and

the defendants having filed their motion to set aside the verdict and for a new trial, and the same coming on now to be heard, after argument by counsel, the court on consideration thereof overruled said motion.

"It is therefore adjudged by the court that said paper writing produced in this case and offered in evidence, purporting to be the last will and testament and codicil thereto of Hanorah Foley, deceased, is not her valid last will and testament, to which ruling and judgment and the order and judgment overruling the motion to set aside the verdict and for a new trial the defendant excepts.

"It is further ordered and adjudged that the defendant pay the costs herein taxed at $........, to which order and judgment the defendant excepts."

It will be noted that only a general exception was taken to the general charge by the defendants and no requests to charge either before or after argument were made by counsel on either side.

The codicil in question was not dispositive in effect and only concerned the naming of an executor.

As to the definition of the terms "codicil" and "last will and testament," see 1 Alexander on Wills, pages 25 and 26:

"A codicil is a supplement to a will. Its derivation is from the Latin codicillus, a diminutive form of codex, thus representing a small will. It must be executed with the same solemnity as a will. It is added to the will after its execution, the purpose usually being to alter, enlarge or restrain the provisions of the will, or to explain, confirm and republish it. It does not supersede the will, as an after made will would do, but is a part of it, to be con-

strued with it as one instrument. It is not a revocation of the former will except to the extent that its provisions are inconsistent with it, unless the intent to revoke be expressed.

"The term 'testament' is of Latin origin, from testamentum, or testatio mentis, or testor, according to varying authorities, but the conflict of opinion is immaterial since the ultimate meaning evolved is that in final testimony of a party, or his declaration of intention or will. Testamentum or testament is the term we find exclusively used in the old Civil Law and by its early writers. The expression 'will' is of English or Saxon origin and its use is confined to those countries where English jurisprudence prevails either directly or as the foundation of the law. The expression, however, most commonly employed to designate the instrument which makes a testamentary disposition of real and personal property is that of 'last will and testament.' "

An examination of the charge discloses the presiding judge many times used therein the following: "Document," "this paper writing," "this instrument," and "this document." And we are of the opinion that such terms, in law, include codicil by reference. We further find that under the evidence the jury had before it for consideration the will and codicil; and that counsel, in the trial, had both will and codicil in mind in the contest as shown by the pleading, the evidence, and the final journal entry. It does not require a very careful reading of the record under review to reach this conclusion.

No complaint is made as to the charge except that the court did not specifically call the attention of the jury to the codicil. Nevertheless, the evidence shows

that the mental condition and testamentary capacity of Hanorah Foley was in no better condition at the time of making the codicil than at the date of the execution of the will. The undisputed evidence is that Hanorah Foley had been declining mentally and physically for years, and that her condition and disability were gradually becoming worse, and that she was in the same condition, if not worse, at the time of the execution of the codicil that she was in thirty days prior thereto when she made her will.

The question here raised is: In the face of the record before us, should this judgment be reversed because the trial court failed to use the word "codicil" in connection with the word "will" in the general charge to the jury, when counsel, now complaining, sat by and listened to the charge of the court and made no suggestion to the court with reference to same and made no request for further instruction as to the omission which they now urge as prejudicial error?

Our courts have repeatedly held that there is a duty on the part of counsel in the trial of a case, as well as on the part of the court, and they cannot remain silent and then take advantage of the omission of the court to charge, unless the charge as given would tend to mislead the jury. The following authorities are in point:

*Columbus Railway Co.* v. *Ritter,* 67 Ohio St., 53, 65 N. E., 613:

"Where the charge of the court is free from error prejudicial to the party excepting thereto, but fails to cover all the questions involved in the case, such failure is not a ground for reversal, unless it was called to the attention of the court, and further in-

structions requested and refused, provided the jury is not misled by the charge as given.

"A general exception to the charge of the court, as now permitted by Section 5298, Revised Statutes, is effectual only as to errors of law existing in the charge as given, and does not bring in review on error, an omission or failure to give further proper instructions."

*State* v. *Schiller*, 70 Ohio St., 1, 70 N. E., 505, 507: "The only exception taken or noted by counsel for defendant, being a general exception to the charge as a whole. It is a familiar and very general rule of practice, applicable alike to criminal and civil causes, that mere partial non-direction or incomplete instruction, as to a particular matter or issue, does not of itself constitute reversible error, in the absence of a request for more specific and comprehensive instructions upon the particular point or issue involved."

*State* v. *McCoy*, 88 Ohio St., 447, 103 N. E., 136: "A general exception to the charge of a trial court does not raise any question of error as to the omission of the court to give further correct instruction, but presents only questions of errors of law existing in the charge as given."

Also the following cases: *Morgenroth* v. *Northern Ohio Traction & Light Co.*, 18 C. C. (N. S.), 306, 29 C. D., 510; *Cincinnati Traction Co.* v. *Lied*, 9 Ohio App., 156; *Scott* v. *State*, 107 Ohio St., 475, 141 N. E., 19; *Bradley* v. *Cleveland Ry. Co.*, 112 Ohio St., 35, 146 N. E., 805; *State* v. *Driscoll*, 106 Ohio St., 33, 138 N. E., 376; and *Beeler* v. *Ponting*, 116 Ohio St., 434, 156 N. E., 599.

Is the verdict against the manifest weight of the evidence?

We answer this in the negative. From a careful reading of the evidence, as contained in the bill of exceptions, we reach the conclusion that the jury was warranted in returning a verdict for the defendants in error and against the plaintiffs in error.

See the following cases as to when a reversal of a judgment may be had for the reason that it is against the manifest weight of the evidence: *Breese* v. *State,* 12 Ohio St., 146, 80 Am. Dec., 340; *Dean* v. *King, Pennock & King,* 22 Ohio St., 118; *Scott* v. *Perlee,* 39 Ohio St., 63, 48 Am. Rep., 421; *Scaccuto* v. *State,* 118 Ohio St., 397, 404, 161 N. E., 211.

We have reviewed this case with much care and at no little time and labor. The record presents a lawsuit that was warmly contested from start to finish. The trial lasted some days, if the length of the record means anything. We are convinced—speaking from the record—that a fair and impartial trial was had; that the verdict and judgment are responsive to the proven facts; that no errors of a prejudicial nature have intervened; and that substantial justice has been done in the premises to the litigants.

It necessarily follows that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

LEMERT, J., concurs.

SHERICK, J., dissenting. My understanding of the law applicable in this case is at variance with the majority opinion; and my judgment prompts me to

assert what, to my notion, are the reasons why this cause should be reversed.

The defendants in error contest the validity of the last will and testament of Hanorah Foley, which bears date of February 20, 1926, and also the codicil thereto, which bears date of March 26, 1926; they recognize that this is a special statutory proceeding, filed under favor of Section 12082 of the General Code. The plaintiffs in error, not being required to answer, made no answer; and the trial court, no doubt at the instance of the attorneys for the defendants in error, made up the issue, or attempted to, by an order on its journal, which omitted therefrom the issue and question of the validity of the codicil. It appears to me that the defendants in error should have been most active in seeing that the issues were properly made up. The burden of proof and the presumptions were against them. It was not the duty of plaintiffs in error to make the case of the defendants in error, and I see no carelessness of the attorneys for plaintiffs in error in failing to suggest to the trial court the proper issues in this proceeding, even if they then had knowledge of the issue as made by the trial court, which knowledge I doubt.

Two important facts are disclosed on pages 1 and 2 of the record. The court, in its preliminary statement to the jury, is well advised that this action was a special statutory proceeding, and that a codicil to the will of the testatrix was an issue.

"Court: What date is the codicil?"

"Mr. Workman: It is dated about a month after; it bears date of the twenty-sixth of March, 1926."

An examination of the court's charge discloses that the jury was instructed correctly on all the

issues ordinarily arising in a suit to contest a will, but the charge is silent as to the codicil, and the issues therein and thereby raised were not submitted to the jury. The charge discloses that the following was stated to the jury:

"I might add, so that the jury will clearly understand, upon the question of undue influence, if there was any attempt upon the part of any one to influence this testatrix at the time of the execution of this will, or at any reasonable, prior time, before it could be considered as undue influence within the definition of the law which would invalidate a will, it must have been operative upon the mind of the testatrix at the time she attempted to execute the will, so that it would have a controlling influence upon her in the execution of her will and the disposition of her property, at that exact time; not at some other time."

A general exception was noted to this charge, and no request was made upon the trial court to correct any omission therefrom, or for further instruction.

The controlling questions in this case are: Did the trial court err in failing to charge all the issues of the case as prescribed by the statute; or was the jury wrongfully charged as to the law applicable; and is the question properly saved by a general exception to the charge?

I am well advised that Section 11561 of the General Code provides that general exceptions to a charge of the court only apply to all errors of law which exist in such charge that are material and prejudicial to the substantial rights of the party excepting, and there is a long line of sustaining authorities, but to my view there is an exception to this

rule, well recognized in *Telinde* v. *Ohio Traction Co.*, 109 Ohio St., 125, 129, 141 N. E., 673, 674, wherein the court said:

"By the provisions of Section 11447, construed and defined by the *Lockwood case* [72 Ohio St., 586, 74 N. E., 1071], a very great responsibility still rests with the court. As between the responsibility resting upon the court, on the one hand, and that resting upon counsel, on the other, it is apparent that cases will constantly arise for which no definite rule can be established. It is not intended in this case to modify or in the least detract from any statements in any of the reported cases dealing with the relative duties of court and counsel. The problem is not always solved, however, by merely determining whether the blame rests upon the court or upon counsel. It may be that both are at fault, and when in such case error intervenes which is material and prejudicial to the substantial rights of the party excepting, what course should be pursued by a reviewing court? Substantial justice to the litigant should be the highest aim of the courts, otherwise the Bill of Rights becomes only a form. In spite of the rules already laid down, and those which may hereafter be declared, it is manifest that there will yet remain a twilight zone in which cases will appear where the courts will be compelled to determine upon the particular issues of those cases, and the evidence adduced in support thereof, whether the instructions amount to a charge complying with Section 11447, and, if not, whether it was the duty of counsel to make specific objections and requests for further instructions."

It is my opinion that this reasoning has special

application in a suit to construe a will and codicil, inasmuch as the same is a special statutory proceeding, the issues being specifically defined by Section 12082 of the General Code as follows:

"An issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will or codicil of the testator, which shall be tried by a jury. The verdict shall be conclusive, unless a new trial be granted, or the judgment is reversed or vacated."

It will be noted that this section is found in Chapter 8, of Division VII, Title IV, of part third of the General Code, which is entitled, "To contest will." It has been strongly urged that the term "will" includes "codicil" and that there is no error in the charge by reason of the fact that Section 10502, General Code, provides:

"In this title the term 'will' includes codicils."

It will be further noted that this section of the Code is included in Chapter 2, of Title III, and applies to execution, record, construction, and wills generally.

The Legislature has seen fit to embody the rules governing a will contest in a separate chapter, and to specifically define the issue; and to adopt the view of the defendants in error would place a construction upon Section 10502 which would nullify and annul the plain provision of Section 12082 and limit its application, which the Legislature did not intend. These sections are not *in pari materia,* and to so hold would violate the rule of statutory construction announced in *Columbus Street Ry. Co.* v. *Pace,* 68 Ohio St., 200, 67 N. E., 490.

It is therefore my opinion that Section 10502 can

have no application in a suit to contest a will and codicil, and does not relieve the trial court of his duty to charge the issues. To my notion, the provisions of Section 12082, General Code, are mandatory, which the parties, by their pleadings, or by agreement, cannot change, or the court modify or disregard.

The case of *Dew* v. *Reid,* 52 Ohio St., 519, 40 N. E., 718, appeals to me strongly, wherein the court held:

"1. While the appropriate remedy for the contest of a will is now by civil action, the rules of pleading and procedure under the Code, when inconsistent with special statutory provisions relating to such contests, are inapplicable, and the action must be conducted in conformity with such special provisions.

"2. The issue to be made up and tried in such actions, having been prescribed by statute, cannot be varied or restricted by averments in the pleadings, but must be the same, whether made up by the pleadings, or by an order on the journal of the court, viz: 'whether the writing produced is the last will or codicil of the testator, or not.'"

The reasoning advanced in *Trull* v. *Patrick, Exrx.,* 22 N. P. (N. S.), 385, 31 O. D., N. P., 319, is apropos.

The third proposition of the syllabus holds:

"The proper issue to be submitted to the jury is whether or not the writing produced is the valid last will and codicils of the decedent and the verdict of the jury should respond to this issue in reference to the will and to each of its several republishing codicils, whether such codicils are mentioned in the petition or not."

The court in concluding its opinion in that case says:

"It would be impossible to submit the issue of the validity of the will to the jury without submitting to it the issue as to the validity of its several codicils, each of which republished the will as of its date."

This last assertion of the trial court in that instance, I believe, is sound law, and must lead me to the conclusion that the trial court in the instant case committed error of a highly prejudicial nature. It was not only an error of omission, but one of commission, and was saved by a general exception to the charge.

A great number of cases and authorities have been examined, and I find it to be universally held that wherein the codicil, as in this instance, rectifies and confirms the will, it republishes such will as of the date of the codicil, and makes it speak as of such time. The testatrix might not have possessed testamentary capacity, or may have been under restraint when the will was executed, but it does not follow that such condition prevailed when the codicil was executed. It is not the province of the court to so determine, but for the jury to find from the facts, under proper instruction, which duty in this instance the court by its charge took from the jury. I am mindful that it is not the province of a reviewing court to determine the credibility of witnesses, and of the rule that the testimony of attesting witnesses, when not beneficiaries, or otherwise interested, is of greater weight than that of the ordinary witness, and that a testator may have a lucid interval, and that two of the subscribing witnesses to the will and

codicil are reputable officers of the court; and I am reluctant to believe that they were parties to any wrongdoing, and the record discloses that three members of the jury did not approve of the verdict.

It is therefore my view that there was error in the issue as made up, and error in the charge, not only error of omission, but also of commission; that the verdict was not responsive to the proper issue; that the judgment is not in accord with the verdict of the jury; that there was error in the court's ruling on the motion for a new trial; that such error was material and prejudicial to the complaining party; that a fair and impartial trial was not had; that substantial justice has not been done; and that this cause should have been reversed.