KING, APPELLEE, *v.* THE OHIO NATIONAL BANK OF
COLUMBUS, APPELLANT.

(Decided October 9, 1939.)

*Messrs. Chester, Keyser & Stouffer,* for appellee.
*Mr. Kenneth Johnston,* for appellant.

GEIGER, J. An action was brought by the plaintiff below seeking to recover against the defendant in the sum of $165 which he claimed was a deposit made by him in the defendant's bank. Defendant by amended answer makes certain admissions and denials and alleges as a first defense that the plaintiff at the time of making demand that he be paid the money, alleged by him to be on deposit, neglected and refused to present the savings passbook for such an account; that the rules for savings accounts with the bank provided that deposits may be withdrawn by the depositor in person or by written order; that in either case the passbook must be presented that such withdrawal may be entered therein; and that the deposit was made subject to such rules.

As a second defense defendant states that it made

payment in full on the 22nd of September, 1937, of the sum of $165 which was on deposit in the account of the plaintiff; that the payment was then made on presentation of the passbook; that one of the rules printed on the passbook was to the effect that in all cases a payment made on presentation of a depositor's book should discharge the bank, and that in the event the book was lost and a duplicate issued, any payment upon presentation of either the duplicate or the original should be a valid discharge of the bank; that the defendant acted in good faith in making the payment; and that the plaintiff had never notified the defendant that his passbook had been lost.

As a third defense the defendant pleads in the alternative that on September 22, 1937, it made full payment upon presentation of the passbook to a man whom defendant believed to be the plaintiff and who identified himself as such by producing papers belonging to the plaintiff; that the defendant compared the signature of the plaintiff with that of the person demanding payment and found that they were similar; that thereafter the defendant was informed that the person to whom payment was made was not the plaintiff but a friend and associate of the plaintiff; and that the plaintiff by his conduct with his friend, either authorized him to withdraw the fund or was negligent and careless in allowing such person to come into possession of his savings account passbook.

On the trial the jury found in favor of the plaintiff by unanimous verdict. A motion for a new trial was made alleging irregularities in the proceedings of the jury by which the defendant was prevented from having a fair trial, in that the jury failed to fix the amount of its verdict, and further that counsel for the plaintiff were guilty of misconduct in making improper remarks derogatory of banks which tended to inflame the members of the jury and arouse hostility. It was also alleged that the court failed to charge the jury

with reference to the first and third defenses. An affidavit was filed in support of the motion for a new trial, and also affidavits contra thereto. The motion was overruled, judgment rendered for the plaintiff and notice of appeal given.

The assignment of errors is to the effect that the court erred in not separating the issues made by the pleadings accompanied by instructions as to each issue; that the charge was erroneous; and that the court erred in allowing improper cross-examination, and in allowing counsel to make improper argument.

The facts may be briefly stated as follows: The plaintiff below had a deposit in a savings account with the defendant bank. On September 22, 1937, one James Russell, a neighbor of the plaintiff, presented the savings account passbook to the bank with a withdrawal slip upon which he had forged the name of the plaintiff and withdrew the sum of $165. Russell had previously obtained possession of the passbook by stealing it after unlawfully entering the home of the plaintiff by an unlocked door. The passbook contained rules and regulations which have already been set forth as part of the pleadings.

The defense claims that there are three separate issues which may be summarized as follows:

(1) Did the demand of the plaintiff without the passbook entitle him to bring suit when the rules required the presentation of the passbook?

(2) Was the payment by the bank a discharge under the rules governing the account and was it made in good faith and with due diligence?

(3) Was the conduct of the plaintiff in his dealing with Russell, who obtained the money, such as to make Russell the agent of the plaintiff, or such as to ratify Russell's conduct or estop the plaintiff from making a claim against the bank?

The trial court stated the issues as set out by the pleadings and charged: "The issues in this case may

be briefly stated as follows: Did the defendant at the time the defendant paid the $165 to one Russell, act in good faith and with reasonable care and diligence?" The court stated that the burden of proving good faith and diligence was upon the defendant and pointed out that there was no dispute about the money having been deposited and no dispute about the bankbook having been issued or about the rules and regulations which have been pleaded. The court then charged:

"Although the rules provide that payment is a defense when the bankbook is presented for payment, yet the law requires that the person who makes the payment at the time of the payment to act in good faith and with reasonable care and diligence.

"It was incumbent upon the manager of the bank when he paid this money to Russell to act in good faith; and by good faith is meant an honest belief that Russell, when he presented himself and the bankbook, was the rightful person entitled to receive the money; and further that there were no facts or circumstances which would bring to the manager of the bank when he paid the money knowledge that Russell was not the rightful owner of the book and the person entitled to it."

The court further charged in substance that if the jury found by a preponderance of the evidence that the manager of the bank acted in good faith and with reasonable care and diligence, such a payment would be a complete defense and would bar the plaintiff from the right to recover, but on the other hand if the jury found that the manager did not act with reasonable care and diligence or in good faith, then the payment to Russell would not be a defense and the verdict should be for the plaintiff.

We believe that the correctness of this charge is established by the following cases: *Fourth & Central Trust Co.* v. *Rowe, Admr.,* 122 Ohio St., 1, 170 N. E., 439; *Hough Ave. Savings & Banking Co.* v. *Anderson,*

78 Ohio St., 341, 85 N. E., 498, 125 Am. St. Rep., 707, 18 L. R. A. (N. S.), 431; *First National Bank of Canton v. Karas,* 14 Ohio App., 147.

It is urged by defendant that the court below charged in reference to but one defense of the three and placed the burden of proof upon the defendant, whereas it is claimed such burden should have been borne by the plaintiff, or at least there was no rule by which it could be imposed upon the defendant. It is urged that in submitting a case to a jury it is the duty of the court to separate and definitely state the issues made in the pleadings, accompanied by instructions as to each issue, and further that it is the duty of the court to distinguish between and call the attention of the jury to the material allegations of fact. Counsel cites the following cases to sustain this position: *B. & O. Rd. Co.* v. *Lockwood,* 72 Ohio St., 586, 74 N. E., 1071; *Simko* v. *Miller,* 133 Ohio St., 345, 13 N. E. (2d), 914.

It is probably true that there were three separate defenses presented by the answer, but there was but one issue of fact; there being no dispute about the deposit, the bank book or the payment of the money to Russell, and no evidence as to agency. The court was required to charge only as to the issue of fact made by the pleadings and evidence. This the court did when it charged as to good faith or lack thereof on the part of the bank officials. All issues of fact were covered by this charge. This situation is discussed in *Columbus Ry. Co.* v. *Ritter,* 67 Ohio St., 53, 65 N. E., 613; *Adams, Exr.,* v. *Foley,* 36 Ohio App., 295, 173 N.E., 197.

We are not ready to endorse the position advanced by counsel for defendant that counsel may sit by and without objection see the case presented to the jury without covering all possible issues and then advance this as a ground for a new trial. This is all the more true when the court has, as in this case, asked counsel whether there is any other matter that should be called

to. the attention of the jury and counsel agrees that there is none. However, the court did, as before stated, discuss the only issue of fact presented.

Counsel strenuously asserts that the judgment of the court below should be reversed for the reason that counsel for plaintiff had made certain derogatory remarks which prejudiced the jury. As to any statement by counsel made in argument, we are without a bill of exceptions which would enable us to determine whether the statements were such as would prejudice the jury, and they were not called to the attention of the court during argument. We have read the cross-examination in detail, but are unable to detect any misconduct upon part of counsel which would call for a reversal. Counsel also asserts that the evidence disclosed the fact that Russell was an agent of the plaintiff withdrawing the money, but we do not find any evidence to justify any such conclusion.

Upon the whole we are unable to find any error which would justify the reversing of the court below.

The judgment is affirmed and the cause remanded.

*Judgment affirmed.*

HORNBECK, P. J., and BARNES, J., concur.