PARISKY, ADMR., APPELLEE, *v.* PIERSTORFF, APPELLANT.

(Decided December 11, 1939.)

*Mrs. Eva Epstein Shaw,* for appellee.
*Mr. William A. Finn,* for appellant.

OVERMYER, J.  Harry Parisky, as administrator of the estate of Beatrice Parisky, deceased, brought this action in Common Pleas Court against Harry Pierstorff to recover damages for the wrongful death of his decedent, alleged to have been caused by a collision due to the negligence of defendant's employee while transporting decedent to a hospital in an ambulance belonging to defendant.

Upon trial a verdict resulted for plaintiff in the sum of $1,000.  Plaintiff filed a motion for new trial, claiming the verdict to be inadequate.  The defendant filed no motion for new trial but did file a motion for judgment notwithstanding the verdict.  Both motions were overruled and judgment entered on the verdict.

The error assigned which is determinative of this appeal is that there is no competent evidence in the record to prove that any injuries received by decedent as a result of the collision proximately caused her death some three weeks later, and that the trial court erred in not sustaining defendant's motion for judgment notwithstanding the verdict.

On July 15, 1936, the decedent, an unmarried woman 24 years of age, who had been suffering from ulcerated colitis for several months, was ordered by her then physician to be taken to a hospital for observation and laboratory tests to determine the true character and type of the colitis. She was transported to the hospital in an ambulance belonging to defendant and driven by one of his employees. She was lying on a cot and her mother, accompanying her, was seated by her side. Enroute to the hospital a collision occurred between the ambulance and another automobile, as a result of which decedent was thrown from the cot to the floor of the ambulance, and it is claimed that she thereby received injuries which hastened her death.

The questions of negligence and liability are not involved in this appeal. The question presented is indicated above, and it arises from the fact that the only medical evidence appearing in the record upon the issue of causation of death by any injuries decedent may have received in the collision, is that offered by the decedent's physician who had sent her to the hospital, and it is contended that his testimony was privileged and therefore incompetent, under Section 11494, General Code. The section referred to is as follows:

"The following persons shall not testify in certain respects:

"1. An attorney, concerning a communication made to him by his client in that relation, or his advice to his client; or a physician, concerning a communication made to him by his patient in that relation, or his advice to his patient. But the attorney or physician may testify by express consent of the client or patient; and if the client or patient voluntarily testifies, the attorney or physician may be compelled to testify on the same subject * * *."

It appears from the record that for several months prior to the date of the collision, the decedent had

been ill and suffering from ulcerated colitis, and several physicians had attended her. One of these physicians, Dr. Kobacker, had placed her in a hospital for observation about the first week of July, 1936. No improvement resulting, she returned to her home where Dr. Kobacker treated her for several days, and at this point this physician was replaced by another, Dr. Fisher, who visited her at her home three or four times between July 10 and July 14, whereupon he, Dr. Fisher, ordered her to a hospital, and the next day, while being so transported, the collision occurred. Upon reaching the hospital after the collision, the decedent was then and thereafter again in charge of Dr. Kobacker and so continued until her death at the hospital on August 6, 1936. An interne at the hospital, under the direction of Dr. Kobacker, was also on the case. Neither Dr. Kobacker nor the interne testified in this case.

Dr. Fisher, the only medical witness offered by plaintiff, over repeated objections, was permitted to testify fully as to the condition of decedent and to communications made to him by the patient; as to the results of examinations he made of her person before she was taken to the hospital and observations he made of her at the hospital after the collision. He further testified that by the rules of the hospital he, not being a member of the staff thereof, was not permitted to continue his handling of the case after she entered the hospital, which accounts for Dr. Kobacker's taking charge again at that point. The witness claimed to have kept in touch with the case and the patient through the interne, having personally seen her but twice at the hospital following the collision.

It is the view of this court that Section 11494, General Code, clearly applies to the relationship existing between the decedent and the physician during the whole period of time covered by his testimony.

It will be noted that the section referred to provides

in part that a physician shall not testify "concerning a communication made to him by his patient in that relation, or his advice to his patient" except that "physician may testify by express consent of the * * * patient; and, if the * * * patient voluntarily testifies, the * * * physician may be compelled to testify on the same subject * * *."

There is no claim in this case that the decedent, before her death, waived expressly or by implication, the protection given by the statute on privileged communications. However, it is contended on behalf of plaintiff that the administrator by law succeeded to the right and exercised it, waiving the privilege and the protection of the statute. The rule in Ohio is that such privilege does not succeed to personal representatives or to heirs of a decedent, and this court would be unwilling to be the one to attempt to inaugurate a different rule. As said by the Supreme Court in the case of *Swetland* v. *Miles,* 101 Ohio St., 501, 130 N. E., 22:

"Now it is urged that this court should read into the statute [Section 11494, General Code] another exception, to wit, 'that if the client [here the patient] be dead, her personal representative or heirs should waive the right for her.' * * *

"The argument addressed to this court might be addressed to the Legislature * * * but it is not for this court to make such an amendment. This is solely in the power of the General Assembly."

In *Haley* v. *Dempsey, Exr.,* 14 Ohio App., 326, it is held in paragraph 3 of the syllabus that: "In a proceeding to contest a will the executor has no power to waive the privilege from testifying as to confidential communications as given by Section 11494, General Code." In the course of the opinion, the court say: "While there are conflicting decisions throughout the several states, the Ohio law is that the executor is not so empowered in a will contest."

We are aware of the holding of a majority of the Supreme Court in the case of *Industrial Commission* v. *Warnke*, 131 Ohio St., 140, 2 N. E. (2d), 248, where it is held that in Industrial Commission cases a widow who is claimant for a death award on account of her decedent husband, may waive the statutory physician-patient privilege as to knowledge and information gained by a physician who attended the injured husband. It will be noted, however, that the majority opinion concedes that the Ohio statute does not say that the right to waive the statute shall survive the death of the author of the privileged communication and extend to his or her personal representative, the opinion stating:

"The statute appears to be wholly silent, however, on the question of the right to waive the privilege in the event of death, and if such right exists who may exercise it. The contingency of his death is nowhere in the statute suggested. The statute is not clear whether the right to waive is to die with the author of the privileged communication or is to survive his death and be transmitted to others. This lack of clarity *calls for judicial inquiry and construction.*" (Italics ours.)

The majority of the court then proceed to hold that in Industrial Commission cases the privilege may be waived as indicated in the syllabus of the case. Two members of the Supreme Court, Matthias and Zimmerman, JJ., wrote dissenting opinions definitely upholding the unanimous court opinion in the *Swetland case, supra.*

With the incompetent medical evidence eliminated from the record, there is no competent evidence to sustain the issue as to whether the collision proximately caused the death, the only issue before the court. The testimony of lay witnesses, members of the family and others, is certainly not sufficient on this issue, unsupported by competent medical evidence.

The judgment will be reversed and final judgment entered for the defendant.

*Judgment reversed and final judgment for defendant.*

CARPENTER and LLOYD, JJ., concur.