HENDERSON, APPELLEE, *v.* DANIELS, APPELLANT, ET AL.

(Decided September 9, 1940.)

Messrs. *Howell, Roberts & Duncan,* for appellee.
Mr. *Harry T. Nolan,* for appellant.

PHILLIPS, J. Defendant Daniels, appellant herein, appeals on questions of law from a judgment of the Court of Common Pleas of Lake county, entered upon a jury verdict for the plaintiff, appellee herein, in his action for personal injuries against defendants Daniels and Barnes.

Plaintiff alleged in his amended petition that on the 23rd day of July 1938 he was riding in a station wagon, owned and driven by defendant Barnes, in a southerly direction on Ohio state route 42, when defendant Daniels operated his automobile in the same direction in such a careless and negligent manner as to cause it to collide with the vehicle in which the plaintiff was riding, forcing it off the highway and into a ditch about four or five miles north of Delaware, Ohio, as a result of which plaintiff received severe and permanent personal injuries to which reference will be made hereafter. He charged defendant Daniels with carelessness and negligence in driving his car into the rear end of the Barnes' car; in failing to keep his car under proper control, so as to avoid striking and colliding with Barnes' vehicle; in driving his car at a greater speed than was reasonable and proper, and at such a speed as would not permit him to bring it to a stop

within the assured clear distance ahead; in failing to maintain a proper lookout ahead and to the south along route 42; in continuing to strike and push Barnes' vehicle forward with great force and violence, when he saw it was closely approaching an automobile traveling in the same direction ahead of it and an automobile traveling in the opposite direction, and when he knew his conduct would force Barnes' station wagon off the highway and into the ditch in order to avoid a rear-end or head-on collision with either of the other cars; in failing to discontinue striking and pushing Barnes' vehicle after he saw and knew of its perilous situation; and, finally, in failing to apply the brakes and slacken the speed of the car after striking Barnes' car, and in continuing to push it forward with great force.

He likewise charged defendant Barnes with acts of carelessness and negligence not necessary to detail here since Barnes was dismissed as a defendant during trial, and there is no allegation or evidence of wilful or wanton misconduct on his part.

Daniels' demurrer to plaintiff's amended petition, on the ground that separate causes of action against several defendants were improperly joined, was overruled, and he answered generally denying the allegations of plaintiff's amended petition. He now claims the court's refusal to sustain the demurrer was prejudicial error.

It is argued that this demurrer should have been sustained for the reason that the action against defendant Daniels was predicated upon wilful misconduct and against defendant Barnes on negligence, and that separate causes of action were accordingly improperly joined.

A perusal of plaintiff's amended petition reveals that both defendants were charged with negligence in the operation of their respective motor vehicles, and there is no allegation therein that either one or both

defendants were guilty of wilful or wanton misconduct. We accordingly hold that the trial judge did not commit reversible error in overruling the demurrer.

The evidence tended to support the allegations of the amended petition as against defendant Daniels, and the case was submitted to the jury, resulting in a verdict for the plaintiff for $5,000.

Defendant Daniels contends that the trial judge erred when he overruled his motion to strike from the record the testimony of defendant Barnes, given when the latter was called for cross-examination before he was dismissed as a party defendant, on the ground that the plaintiff benefited by his testimony without being bound thereby. It is apparent from the testimony of defendant Barnes that plaintiff neither contributed nor agreed to contribute anything toward the expenses of the operation of Barnes' motor vehicle and accordingly was his guest. His right to sue Barnes as such was controlled by the Ohio Guest Statute, and in the absence of evidence of wanton or wilful misconduct on Barnes' part, which was neither pleaded nor proven, plaintiff could not maintain an action for personal injuries against Barnes. This resulted in plaintiff dismissing Barnes as a party defendant during the trial upon conclusion of Barnes' testimony, which was permitted to go to the jury, and which Daniels claims prejudiced his rights.

It is observed that defendant Daniels did not move the court to strike Barnes' testimony given on cross-examination from the record and exclude and withdraw it from the consideration of the jury on the ground that he had been dismissed as a party defendant, or request the court to instruct the jury to disregard it or to regard Barnes as plaintiff's witness.

Assuming defendant's contention to be correct, in the absence of such motions we do not believe the trial judge, in submitting this testimony to the jury under these conditions, committed error prejudicial to the

rights of defendant Daniels of which he can complain, regardless of whether Daniels was or could have been damaged thereby, which we do not determine.

Defendant Daniels further contends that the verdict of the jury is excessive, ''appearing to have been given under the influence of passion or prejudice'' incited, as he argues, by the admission of claimed incompetent evidence and by the failure of the trial judge to define the issues and properly charge the jury on the law of the case, as a result of which the question of insurance was injected into the case. Defendant also contends that other errors occurring during the trial so incited and inflamed the minds of the jury as to cause the members thereof to return an excessive verdict against him.

The evidence discloses that plaintiff sustained a fracture of both bones of the left ankle, which extended into the ankle joint, permanently roughening and limiting the motion thereof, and causing him to limp when walking. The injury also necessitated the application of a cast thereto for six weeks, and the use of crutches thereafter for a period of three weeks, causing plaintiff to be confined to the hospital or his home for a period of approximately seven months, during all of which time he suffered pain and periodic swelling of the ankle joint, compelling disuse of the joint, and rest, off his feet, for periods as long as four days at a time. At the time of the accident plaintiff was forty-four years old earning, and capable of earning, two hundred dollars a month as a printer, which work required him to walk and to stand most of the time; that as a result of his injuries he was unable to earn any money for approximately seven months.

Confronted with medical evidence of this kind, as to the duration and extent of plaintiff's injuries, we cannot say that the jury's verdict against Daniels is excessive.

Disposition will be made elsewhere in this opinion

of Daniels' claim that the size of the verdict was effected by errors of the trial judge to which reference has been made.

We come now to consider defendant Daniels' claim that the trial court erred in failing to define and state the issues and properly instruct the jury upon the measure of damage and the issue of contributory negligence. As to the latter a perusal of the pleadings and the evidence reveals that contributory negligence was not pleaded or proven.

But assuming that contributory negligence was pleaded or established by the evidence, it is significant that Daniels' counsel made no request to the trial judge for an instruction on this issue, notwithstanding that at the conclusion of the charge, in response to the court's inquiry as to whether there was anything further on which the court should charge, counsel responded in the negative.

While it is true that defendant Daniels generally excepted to the charge of the court, yet, if he desired the court to instruct the jury on the issue of contributory negligence, it was his duty to make that request to the court.

"If the plaintiff in error desired an instruction upon the burden of proof on the issue of contributory negligence, it was incumbent upon her to ask the court to instruct the jury upon that feature. Under Section 11561, General Code [repealed 116 Ohio Laws, 104], a general exception to the charge of the court only reviews errors of law existing in the charge as given, and does not bring in review an omission or failure to give further proper instructions." *Columbus Ry. Co.* v. *Ritter,* 67 Ohio St., 53, 65 N. E., 613. *Bradley* v. *Cleveland Ry. Co.,* 112 Ohio St., 35, at 42, 146 N. E., 805.

"In submitting a case to the jury, the court is required to charge only as to the issue of fact made by the pleadings and evidence, and counsel cannot remain

silent when the charge is given and later object to the omission of the court to charge on an issue." *King* v. *Ohio National Bank of Columbus,* 62 Ohio App., 266, 23 N. E. (2d), 847.

"At the close of a general charge to the jury, the court asked counsel if there was 'anything further' and counsel responded 'We have nothing,' but later filed a general exception to the charge. Such exception does not cover an alleged error of omission by the court in failing to charge upon all the questions involved in the case. It does cover, however, prejudicial errors of law existing in the charge given." *New York Life Ins. Co.* v. *Hosbrook,* 130 Ohio St., 101, 196 N. E., 888, 118 A. L. R., 1283.

A general exception challenges only errors of commission and is insufficient to bring the errors of omission to the trial court's attention. See, *State* v. *Duffy,* 134 Ohio St., 16, at 23, 15 N. E. (2d), 535, citing *New York Life Ins. Co.* v. *Hosbrook, supra.*

In view of the state of the record and foregoing authorities we cannot say that the trial judge committed error prejudicial to the rights of defendant Daniels as claimed in this assignment of error.

As to the claim that the court erred in defining the issue of damages for loss of earnings, when counsel for defendant Daniels claims that the loss was of the profits of a business, we find no error in this respect in the charge of the lower court prejudicial to the rights of the defendant.

Finally we come to consider Daniels' claim that the lower court erred in permitting the issue of his insurance coverage to be injected into the case and in failing thereafter to sustain defendant's motion to withdraw a juror and continue the case. It appears that defendant Barnes, before dismissal from the case, while testifying under cross-examination, was asked if he had had any conversation with the defendant Daniels immediately following the accident—which we

believe was a proper question—to which he replied in the affirmative saying that Daniels had said that he was awfully sorry, but it was his fault and not to worry that his insurance would cover it. Upon Barnes' motion the answer was stricken from the record and the jury instructed to disregard it, and Daniels' motion to withdraw a juror was overruled.

There is no evidence in the record that the question was asked in bad faith, and there is nothing therein indicating to us that the question of insurance was intentionally injected into the case by plaintiff's counsel, as charged by Daniels, or that plaintiff's counsel knew or anticipated the answer he would receive. We believe no error prejudicial to the rights of defendant Daniels intervened in the respect charged.

As to Daniels' claim that counsel attempted to inject insurance in the case a second time it is observed that, on cross-examination, defense witness Caswell in stating his business said that he was engaged in writing automobile fire and casualty insurance as an Aetna insurance agent or broker.

Counsel for plaintiff desiring to pursue the matter further, but being uncertain as to the propriety of the question as to whether he had written an automobile liability insurance policy upon Daniels' car which was involved in the accident, requested the court to excuse the jury and pass upon the question in its absence. This was done, and the question was ruled improper, and it was accordingly not asked or further reference made to it in the presence of the jury.

Under these circumstances we cannot understand how defendant Daniels can claim that his rights were prejudiced and we find no merit in this claim.

Defendant Daniels further claims that the judgment of the lower court is against the manifest weight of the evidence. Although this assignment of error is not discussed in his brief and was not orally argued, we have, nevertheless, read the record and carefully

weighed the evidence as a result of which we have concluded that the judgment of the lower court is not against the manifest weight thereof.

Daniels also claims that there are errors apparent upon the face of the record, not disposed of herein. Since he has failed to direct the attention of this court to them by brief or in oral argument we do not pass upon them even though they may exist, and we do not determine whether they exist.

It follows from what we have said that the judgment of the lower court is not contrary to law in the respects assigned by defendant Daniels; that the lower court did not commit error prejudicial to the rights of defendant Daniels when it refused to sustain his motions to direct a verdict in defendant's favor at the close of plaintiff's case and at the conclusion of all the evidence; and that the lower court did not err in refusing to grant a new trial. Therefore, the judgment of the lower court should be, and hereby is, affirmed.

*Judgment affirmed.*

Carter, J., concurs.

Nichols, P. J., concurs in judgment.